**Lorraine POLASKI, et al., Appellees,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.**

**No. 84–5085.**

United States Court of Appeals, Eighth Circuit.

Submitted July 21, 1986.

Decided Oct. 30, 1986.

Rehearing and Rehearing En Banc Denied Jan. 8, 1987.

Howard S. Scher, Deborah R. Kant and William Kanter, Dept. of Justice, Wash-

ington, D.C., and Jason Baron, Dept. of Health & Human Services, Baltimore, Md., for appellant.

Mary Grau, Minneapolis, Minn., for appellees.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

This matter comes before this Court on remand from the Supreme Court of the United States, — U.S. —, 106 S.Ct. 2885, 90 L.Ed.2d 974. We were directed to reconsider our decision in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1985) in light of *Bowen v. City of New York*, 476 U.S. —, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Upon our request, the parties filed supplemental briefs.

The Secretary takes the position that our opinion must be amended to exclude from the class those people who filed claims with the Secretary within a stated time period but failed to exhaust their administrative remedies by appealing the Secretary's denial of benefits. The appellees argue that no amendment is required.

After a careful review of *Bowen*, we agree that no amendment is required for the following reasons:

1. On petition for certiorari the Secretary stated that the exhaustion issue in this case was essentially identical to that presented to the Supreme Court in *Bowen*. The Supreme Court in *Bowen* held that exhaustion was not required.

2. Here, as in *Bowen*, we simply require that the claims of the questioned class members be reopened at the administrative level. We do not order that benefits be paid. Unless these class members are permitted to reopen their claims with the Secretary, they may suffer irreparable injury.

This Court's stay of July 10, 1985, is lifted and the Clerk is directed to issue the mandate forthwith.