Delores J. LONG, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.

No. 88–1327.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1988.

Decided Feb. 6, 1989.

Robert W. Pratt, Des Moines, Iowa, for appellant.

Esther R. Scherb, Health and Human Services, Baltimore, Md., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and LARSON,* Senior District Judge.

ARNOLD, Circuit Judge.

Delores Long appeals from the District Court's order [1] affirming the decision of the Secretary to deny disability insurance benefits and supplemental security income under the Social Security Act. We affirm.

Mrs. Long was born on April 26, 1936 and worked for most of her adult life at Firestone Tire and Rubber Company as a tire builder. She maintains that she has been disabled since July 20, 1984 because of incisional pain from operations, including lung and ulcer surgery, limitations in the use of her left hand, pain in her rib area, respiratory problems, and emotional problems.

---

* The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa.

The ALJ determined that Mrs. Long was unable to return to her past relevant work, but found that she retained the residual functional capacity to perform the full range of light work. The ALJ acknowledged that the burden of proving disability shifted to the Secretary, a burden which in appropriate cases can be met by use of the Medical Vocational Guidelines, or "grid." He then specifically found that Rules 202.-11, 202.12, 202.18, and 202.19 of the grid (Table No. 2 in Appendix 2, 20 C.F.R. Part 404, Subpart P) applied in Mrs. Long's case, and that they directed a conclusion that she is not disabled.

 The District Court, in a well-reasoned opinion, concluded that the ALJ's use of the grid was proper. We agree. When a claimant's allegations of pain are explicitly discredited for legally sufficient reasons articulated by the ALJ, the grid may be used to assess the claimant's ability to meet the strength requirements of a job, see *Millbrook v. Heckler*, 780 F.2d 1371, 1373 (8th Cir.1985), citing *Johnson v. Heckler*, 744 F.2d 1333, 1338 (8th Cir.1984).

The ALJ here found Mrs. Long's testimony regarding her alleged nonexertional impairments not fully credible, and articulated legitimate reasons for so finding. He noted that her subjective complaints were not consistent with the level of activity to which she testified, including recreational bowling, visiting friends, housekeeping, sewing, and sleeping soundly through the night. He also noted that Mrs. Long was not taking any medication to ease her pain, nor was she being treated for her alleged emotional or respiratory problems, incisional discomfort, or problems with her left hand. He observed that she demonstrated no evidence of any emotional or physical impairment during her hearing. And he identified inconsistencies in the objective medical evidence, commenting upon the comparative qualifications of those who evaluated Mrs. Long's emotional state, and explicitly giving greater weight to the opinions of the doctors whose credentials were not in doubt. As the District Court explained, citing *Driggins v. Bowen*, 791 F.2d 121, 124 (8th Cir.1986), it is for the Secretary, not the courts, to resolve conflicts in testimony. The ALJ also noted that Mrs. Long's treating physician thought her capable of performing clerical work.

■ Under *Polaski v. Heckler*, 739 F.2d 1320 (order), *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987), an ALJ may discount a claimant's allegations of pain when he explicitly finds them inconsistent with daily activities, lack of treatment, demeanor, and objective medical evidence. Accordingly, the ALJ properly could conclude that Mrs. Long's asserted nonexertional impairments do not restrict her capacity to perform the full range of light work, and that application of the grid was appropriate. See *Tucker v. Heckler*, 776 F.2d 793, 796 (8th Cir.1985).

AFFIRMED.[2]

---

**2.** The Secretary's brief contains a number of footnotes explaining in ordinary English the meaning of certain medical terms. We commend counsel for this practice. We hope more lawyers and ALJs will adopt it.

