**Everett Ray HUTSELL, Appellant,**

v.

**Louis W. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Appellee.**

**No. 89–1275.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Dec. 29, 1989.

---

\* Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services in March 1989. Pursuant to Fed.R. App.P. 43(c)(1), his name is properly substituted as appellee in this suit.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Esther Scherb, Baltimore, Md., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HARPER,** Senior District Judge.

MAGILL, Circuit Judge.

Everett Ray Hutsell appeals from the district court's[1] judgment affirming the Secretary of Health and Human Services' decision denying his application for disability insurance benefits. We affirm.

## I.

Hutsell filed an application for benefits in November 1984 alleging disability since May 1984 due to a back impairment. His application was denied but the district court remanded for reevaluation of Hutsell's subjective complaints of pain. A supplemental hearing was held on November 20, 1986, before a different administrative law judge (ALJ), who issued a decision on December 23, 1986. The ALJ found that Hutsell's subjective complaints were not fully credible and that he retained the capacity to perform the full range of light work. The ALJ then applied the Medical–Vocational Guidelines (the "grid"), finding that Rules 202.16 and 202.17 directed a conclusion that Hutsell was not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, table 2 (1989). The appeals council denied Hutsell's request for review, making the ALJ's decision the final decision of the Secretary.

At the time of the ALJ's decision, Hutsell was forty-eight years old. He has a third grade education and worked in the past as a welder. In December 1979, Hutsell underwent back surgery for a ruptured disc. He had lumbar disc surgery again in August 1981 after he reinjured his back. After each surgery, Hutsell eventually returned to work with his treating physi-

cian's approval. Hutsell injured his back for a third time in May 1984 and stopped working in July. He was hospitalized for epidural blocks and released a few weeks later in August 1984 after much improvement from physical therapy. Complaining of lower back pain, Hutsell continued to be seen by his treating and other physicians up to mid-January 1985. The record indicates that he was not treated by a physician after that date. In November 1984, Hutsell was examined by an orthopedic specialist, who concluded that Hutsell had status post-operative laminectomy syndrome with residual radiculopathy on the left side and persistent limitation of motion and stiffness of the lumbar spine. He felt Hutsell's healing period had ended and saw no reason to consider additional surgical procedures.

Beginning in July 1986 and continuing at least up to the date of the supplemental hearing, Hutsell worked on a building demolition crew for a salvage yard operator. His work included prying boards loose with a crowbar and picking up bricks. His employer testified that he was a good worker. Hutsell worked at this job on a consistent part-time basis but there were several weeks in which he worked forty hours.

In light of this employment, the district court concluded that Hutsell had failed to show he was not currently engaged in substantial gainful activity, and affirmed the Secretary's decision on that ground. Hutsell argues that his work activity since July 1986 was too sporadic to constitute substantial gainful activity. We do not address this issue because, as the Secretary correctly notes, the ALJ did not specifically find that Hutsell had engaged in substantial gainful activity between July 1986 and the date of decision.

## II.

■ Our review is limited to determining whether there is substantial evidence on

---

** THE HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Henry L. Jones, United States Magistrate for the Eastern District of Arkansas. Judgment was entered pursuant to Magistrate Jones' memorandum and order.

the record as a whole to support the Secretary's decision. *See, e.g., Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir.1989). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Our review is more than a search for the existence of such evidence supporting the Secretary's decision. *See, e.g., Thomas*, 876 F.2d at 669. We must take into account evidence in the record that fairly detracts from the decision. *See, e.g., id.* After carefully examining the record under this standard of review, we conclude there is substantial evidence on the record as a whole to support the Secretary's decision that Hutsell was not under a "disability," as defined in the Social Security Act, at any time from May 1984 to December 1986.

The ALJ determined that Hutsell suffered from residuals of back surgery and was unable to return to his past relevant work as a welder, which required acts at the heavy exertional level. Giving Hutsell "the benefit of a doubt," the ALJ found that he had been capable of performing the full range of light work since May 1984. The Secretary's regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (1989).

There is certainly evidence in the record indicating that Hutsell's back problems limited his ability to work, but taken as a whole, the record contains sufficient support for the ALJ's finding that Hutsell's impairment did not prevent him from performing the full range of light work. In particular, the weight of the medical evidence favors this finding. Assessments by the physicians of record concluded that Hutsell was able to engage in work activities consistent with the light exertional level. On July 25, 1985, Hutsell's treating physician, Dr. Thomas I. Miller, who performed the two surgeries, wrote that he had released Hutsell "to light activities with restrictions of 25 pound weight lifting and no repeated bending." This circuit "requires the ALJ to give substantial weight to the treating physician's opinion in the evaluation process" when, as here, the opinion is supported by the evidence. *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir. 1987). Dr. Larry E. Mahon, the orthopedic specialist who examined Hutsell in November 1984, wrote in a July 15, 1985 report that Hutsell was not physically capable of resuming his previous welding activities, but was "capable of lighter, more sedentary activities not requiring heavy lifting, stooping, squatting, bending, etcetera on a repetitive basis." Finally, Dr. James A. Chaney, a psychologist who conducted a vocational evaluation on October 14, 1985 at the request of Hutsell's attorney, expressed the opinion that from a physical standpoint Hutsell "fit the medium work category, which involves frequent lifting and/or carrying of objects weighing up to twenty-five pounds." Hutsell's work activity since July 1986 provides additional strong support for the ALJ's finding with respect to Hutsell's residual functional capacity.

Hutsell contends that the ALJ failed to properly evaluate his subjective complaints of pain under the standards set forth in *Polaski v. Heckler*, 739 F.2d 1320, *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). According to Hutsell's testimony at the two hearings, persistent pain rendered him incapable of sitting, standing, or walking for prolonged periods of time, or moving his arms and legs in a repetitive fashion. If fully credited, Hutsell's subjective complaints would foreclose a finding that

he was able to do the full range of light work. The ALJ found the complaints credible "[t]o the extent that the claimant has some back pain and is stiff and limited in his ability to bend and lift.... However, his allegations are not credible to the extent that he is precluded from engaging in light work." The ALJ's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole and we will not substitute our judgment for that of the ALJ. *Sykes v. Bowen*, 854 F.2d 284, 287 (8th Cir.1988) (per curiam). It is well established that a sufficient basis exists to discount subjective complaints of pain where the complaints are inconsistent with the record as a whole. *See, e.g., Benskin v. Bowen*, 830 F.2d 878, 885 (8th Cir.1987); *Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986). As we observed in *Long v. Bowen*, 866 F.2d 1066, 1067 (8th Cir.1989), under *Polaski* "an ALJ may discount a claimant's allegations of pain when he explicitly finds them inconsistent with daily activities, lack of treatment, demeanor, and objective medical evidence." The ALJ here undertook just such an analysis. He articulated the inconsistencies upon which he relied and those inconsistencies are supported by the record. The ALJ cited the medical assessments of Hutsell's treating and consulting physicians, his non-use of pain medication,[2] and his wide range of daily activities. In particular, the ALJ noted Hutsell's work with the demolition crew, which the ALJ found was not limited by Hutsell's physical capacity but by the amount of hours his employer gave him. We conclude that the ALJ's credibility evaluation satisfied *Polaski*'s di-

rective and that the resulting findings are supported by substantial evidence on the record as a whole.

■ The ALJ acknowledged that the burden shifted to the Secretary to prove jobs existed in the national economy which Hutsell was capable of performing. Hutsell contends that vocational expert testimony was needed to satisfy this burden. We disagree. When a claimant's subjective complaints of pain "are explicitly discredited for legally sufficient reasons articulated by the ALJ," the Secretary's burden may be met by use of the grid. *Long*, 866 F.2d at 1067; *see also Bolton v. Bowen*, 814 F.2d 536, 538 (8th Cir.1987) (per curiam) (use of grid appropriate if ALJ explicitly discredits subjective allegations of pain based on inconsistencies in the record). Thus, because the ALJ committed no error in concluding that Hutsell's nonexertional impairment (pain) did not preclude him from engaging in the full range of light work, application of the grid in this case was appropriate.[3] *See Thompson v. Bowen*, 850 F.2d 346, 349–50 (8th Cir.1988); *Long*, 866 F.2d at 1067; *Bolton*, 814 F.2d at 538.

■ Finally, we believe the ALJ properly rejected the suggestion in Dr. Chaney's vocational evaluation report that Hutsell was mentally retarded.[4] This is the only evidence of record indicating mental retardation. The ALJ found the possibility of such an impairment was totally inconsistent with Hutsell's skilled work background and the fact that in his welding job he had supervised as many as ten people. Fur-

2. Hutsell testified that he had not refilled prescriptions for his two pain medications since July 1985 and March 1986, respectively, because he could not afford them. However, the record reveals that he was awarded a substantial workers' compensation settlement in March 1986. The record also indicates that Hutsell was not treated by a physician after January 1985. As we noted in *Benskin*, 830 F.2d at 884 n. 1, lack of means to pay for medical services does not "*ipso facto* preclude the Secretary from considering the failure to seek medical attention in credibility determinations" regarding complaints of pain. It is for the ALJ in the first instance to determine a claimant's real motivation for failing to follow prescribed treatment

or seek medical attention. *Id.; Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir.1989).

3. We note that under grid Rules 202.16 and 202.17, upon which the ALJ properly relied, it was not necessary to determine the validity of Hutsell's claim that he is functionally illiterate.

4. The report stated that Hutsell has an approximate I.Q. of fifty-six based on the results of a Peabody Picture Vocabulary Test. We note that this test is not among the well-standardized psychological tests listed in the Secretary's regulations concerning mental disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12:00(D) (1989).

thermore, the ALJ noted that Hutsell displayed no signs of significant mental limitations at the hearing.

For the foregoing reasons, the judgment of the district court is affirmed.