**Martin E. FORSYTHE, Appellant,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Appellee.**

No. 90–1140.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Feb. 28, 1991.

Timothy Harlan from Columbia, Mo., for appellant.

Joseph B. Moore from St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Martin Forsythe appeals from the district court's order affirming the Secretary's denials of his claims for disability insurance benefits and supplemental security income. He contends that the ALJ's findings are not supported by substantial evidence and that the ALJ improperly applied the

Medical–Vocational Guidelines. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2 (1990). We reverse.

Forsythe was born on May 10, 1938, and has attained the equivalent of an eighth-grade education. He last worked as an automobile body repairman before being laid off in April 1982. Forsythe alleges that he is disabled because he suffers from arthritis, ulcers, kidney disease, emphysema, bronchitis, hearing deficiencies and heart problems. He claims that he cannot return to work as an automobile body repairman because he suffers from joint pain and breathing problems which are made worse by the dust and fumes in a body shop.

Forsythe's applications for benefits were denied initially and on reconsideration. He then requested and received a hearing before an administrative law judge. The ALJ found that Forsythe's exertional limitations prevent him from returning to his past work. After discrediting Forsythe's subjective complaints, at least to the extent that they preclude him from engaging in the full range of light work, the ALJ determined that Forsythe maintains the residual functional capacity—that is, the physical capacity to work despite his exertional impairment—to perform the full range of light work. The ALJ then shifted the burden of proof to the Secretary to demonstrate that other jobs exist in the national economy which Forsythe can perform. The ALJ determined that Forsythe's early emphysema and joint pain did not amount to nonexertional limitations and applied the guidelines to satisfy the Secretary's burden. In applying the guidelines, the ALJ concluded that Rule 202.18 [1] directed a finding that Forsythe was not disabled.

We review the ALJ's decision to insure that it is supported by substantial evidence on the record. 42 U.S.C. § 405(g) (1988); *Hutsell v. Sullivan,* 892 F.2d 747, 748–49 (8th Cir.1989). Reviewing for substantial evidence requires that we examine the entire record for evidence supporting the Secretary's decision and "take into account evidence in the record that fairly detracts from the decision." *Id.* at 749. "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion." *Id.*

The record supports the ALJ's findings that Forsythe was not able to return to his past relevant work, that he had the residual functional capacity to perform light work, that he was forty-nine years old, that he had a marginal education, and that he had no transferrable work skills. The ALJ also properly found that Forsythe suffered from early emphysema, and the medical evidence indicates that he suffers from chronic obstructive lung disease. However, Forsythe asserts, and we agree, that the ALJ's finding that he did not suffer nonexertional limitations, which made the guidelines applicable, is not supported by substantial evidence.

From the record it is not clear whether the ALJ found that Forsythe's emphysema and chronic lung disease are not impairments, or whether he found that they are nonexertional impairments which do not limit Forsythe's residual functional capacity to perform the full range of light work. In either event, the ALJ found no nonexertional limitation. If this finding were supported by the record, the application of the guidelines to direct a finding of not disabled would be appropriate. *See Thompson v. Bowen,* 850 F.2d 346, 349–50 (8th Cir.1988) ("the law in this circuit provides that an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines") (footnote omitted). *Accord Hutsell,* 892 F.2d at 750. However, as indicated, our review of the record reveals that the ALJ's

---

**1.** In his decision the ALJ stated that Rule 201.18 directed a finding of not disabled because of Forsythe's residual functional capacity for light work. Rule 201.18, however, pertains to residual functional capacity for sedentary work. In his findings the ALJ correctly referred to Rule 202.18 which applies to claimants with residual functional capacities for light work and Forsythe's educational, age and transferrable skills characteristics.

finding is not supported by substantial evidence.

In evaluating Forsythe's claim that his breathing problems were disabling, the ALJ expressly referred only to Dr. Chul Kim's evaluation of Forsythe's pulmonary disease. Dr. Kim examined Forsythe and his report indicates that Forsythe suffered from chronic obstructive lung disease. Dr. Kim noted that Forsythe's chest x-rays showed "[s]omewhat increased lung markings and flattened diaphragms suggesting early emphysema." Administrative Record at 162. And, Forsythe's pulmonary function studies showed mildly restrictive lung disease. *Id.* While Dr. Kim noted that Forsythe's pulmonary function was over ninety percent of his predicted value, he did not indicate whether the lung disease would prevent Forsythe from performing the full range of light work.

Other evidence which was part of the record before this ALJ indicates that Forsythe's pulmonary disease prevents him from working in an environment containing respiratory irritants. Forsythe's applications for disability insurance and supplemental security income were initially denied with the comment that he should avoid dust and fumes. A Residual Functional Capacity (RFC) Assessment prepared by Dr. R.L. Frazier, M.D., during the evaluation of the applications listed dust, fumes and humidity as environmental restrictions because of Forsythe's emphysema. *Id.* at 86. Based upon his review of the chest x-rays and pulmonary function tests initially reviewed by Dr. Kim, Dr. Frazier found "[n]o RFC limitation except *environ. factors.*" *Id.* at 87.

Also part of the record was a prior ALJ opinion, dated April 17, 1986, finding Forsythe not disabled based on symptoms and medical evidence [2] similar to the evidence presented here. The prior ALJ found that, although the evidence was conflicting, Forsythe suffered from chronic obstructive pulmonary disease and that "[his] residual functional capacity for the full range of light work is reduced by the need for a clean atmospheric work environment." *Id.* at 56. The prior ALJ found that Forsythe could not perform the full range of light work. Thus, he applied the guidelines as a framework and then, based upon the testimony of a vocational expert, determined that Forsythe could perform a significant number of jobs existing in the national economy. *Id.* at 57.

Here, the finding that Forsythe suffered no nonexertional limitations is clearly not supported by the record. Assuming that the ALJ properly discredited Forsythe's subjective complaints, including coughing, to the extent that they might constitute a disability, the medical evidence is either inapposite or supports the conclusion that Forsythe must work in clean atmospheric conditions. Based on the evidence in this record, Forsythe cannot perform the full range of light work, and the guidelines do not direct a finding of not disabled. The ALJ should have called a vocational expert to supplement the guidelines and fulfill the Secretary's burden. *See Thompson,* 850 F.2d at 350 ("the Guidelines may be used as a guide if supplemented with vocational expert testimony or other evidence in the record which meets the Secretary's burden of showing that there exists work in the national economy that [claimant] is capable of performing").

The judgment is reversed and this matter is remanded to the district court with instructions to remand to the Secretary for a rehearing consistent with this opinion.

---

**2.** Pulmonary function studies were also conducted before this administrative hearing. The evaluating physician stated that the results of these tests were suspect because of wide variations among several trials. However, based on these tests and chest x-rays, he diagnosed that Forsythe suffered from moderate chronic obstructive pulmonary disease. Administrative Record at 54. Here, the pulmonary function tests revealed mildly restrictive lung disease. *Id.* at 11. The record does not indicate that moderate disease would restrict Forsythe's RFC while mild disease would not.