**Harlan W. STOUT, Appellant,**

v.

**Donna E. SHALALA,\* Secretary of Health and Human Services, Appellee.**

**No. 92–2211.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1992.

Decided March 19, 1993.

\* Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed.R.App.P. 43(c).

William Jay Hoekstra, Mason City, IA, argued, for appellant.

Ana Maria Martel, Cedar Rapids, IA, argued (Charles W. Larson, Ana Maria Martel and Frank V. Smith III, Cedar Rapids, IA, and Yvonne M. Ernzen, Kansas City, MO, on the brief), for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

MAGILL, Circuit Judge.

This case comes to us on appeal from the decision of the district court [1] affirming an administrative law judge's denial of social security disability benefits to Harlan W. Stout. Stout claims the administrative law judge (ALJ) erred in finding his complaints about disabling headache pain to be not credible. Stout further contends the decision denying him benefits was not supported by substantial evidence on the record as a whole because the headache evidence should have been considered and be- cause the ALJ incorrectly determined that Stout had transferable skills. We affirm.

Stout applied for benefits claiming that he was disabled due to arthritis and pain in the right shoulder, neck pain, right toe and foot pain, a facial nerve problem, low back pain, shaking in his hands, and severe headaches. The ALJ considered Stout's evidence of disability and found that Stout's ailments would preclude him from performing his past relevant work as an over-the-road truck driver delivering produce or as a produce warehouse supervisor. However, based largely on the testimony of a vocational expert, the ALJ found that Stout was still able to perform jobs found in significant numbers in the national economy and therefore was not entitled to disability benefits. The vocational expert's opinion that Stout was not disabled was based on a hypothetical question posed by the ALJ which took into consideration Stout's age, education, previous work experience, and residual functional capacity.

On review, this court must determine whether substantial evidence in the record as a whole supports the Secretary's denial of benefits. *Kirby v. Sullivan*, 923 F.2d 1323, 1326 (8th Cir.1991). Stout argues substantial evidence does not support the decision because the ALJ and the vocational expert failed adequately to consider the severity of Stout's headache condition and improperly determined he possessed transferable skills.

The ALJ discounted Stout's claims about disabling headache pain as not credible and refused to consider it in making the benefits determination. The ALJ did not mention Stout's headache condition in his hypothetical question to the vocational expert. Had the ALJ accepted Stout's evidence about the severity of his headaches and included it in the hypothetical question, the vocational expert testified her opinion Stout could perform alternative jobs may have been different.

1. The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

The evidence offered by Stout to support his claim of disabling headache pain included references to headaches in his medical records. However, no evidence indicated that Stout had ever sought medical treatment specifically for headaches or taken prescription medicine specifically to treat headaches alone. Rather, the record showed Stout was able to control his headache condition through the use of over-the-counter medication and prescription medication for his other ailments. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Warford v. Bowen,* 875 F.2d 671, 673 (8th Cir.1989).

Stout and his wife offered subjective testimony about the severity of the headaches. Subjective complaints of pain may be discounted, however, where the complaints are inconsistent with the record as a whole. *See, e.g., Hutsell v. Sullivan,* 892 F.2d 747, 750 (8th Cir.1989); *Long v. Bowen,* 866 F.2d 1066, 1067 (8th Cir.1989); *Benskin v. Bowen,* 830 F.2d 878, 885 (8th Cir.1987). Here the ALJ articulated the inconsistencies between the subjective testimony and the medical evidence, and the inconsistencies are supported by the record taken as a whole. *Hutsell,* 892 F.2d at 750. Therefore, the hypothetical posed to the vocational expert was not inadequate because it omitted disabling headache evidence because such evidence was not substantially supported by the record as a whole. *See Andres v. Bowen,* 870 F.2d 453, 455 (8th Cir.1989) (hypothetical question to vocational expert should include only impairments supported by substantial evidence).

Stout also argues that the ALJ improperly addressed the issue of whether Stout possessed transferable skills. The ALJ relied on the testimony of the vocational expert in deciding whether Stout had transferable skills. This method of determining whether transferable skills exist is explicitly allowed by 20 C.F.R. § 404.-1566(e) (1992). *See Taylor v. Sullivan,* 951 F.2d 878, 879 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2280, 119 L.Ed.2d 206 (1992); *Ellison v. Sullivan,*

921 F.2d 816, 820 (8th Cir.1990). After reviewing the record, we hold there is substantial evidence to support the ALJ's conclusion that Stout did possess transferable skills.

For the foregoing reasons, we affirm.