16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Carl L. BANDY, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-2284.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 13, 1993.
Filed: February 7, 1994.
 
 Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Carl L. Bandy appeals the district court's[1] grant of summary judgment dismissing his claim for disability insurance benefits under Title II of the Social Security Act. After a careful review of this record, we find that the decision of the Secretary of Health and Human Services (the Secretary), affirmed by the district court's grant of summary judgment, is supported by substantial evidence in the record. Hence, we affirm.
 
 
 2
 Bandy, at the time of his social security hearing, was fifty years old and had not engaged in substantial gainful work since 1984. In 1984, Bandy was injured in a car accident, which he states caused his current impairment. Bandy, who has a tenth-grade education and no transferable skills, testified that he suffers from back pain, neck pain, and severe headaches. In 1986, Bandy underwent a cervical laminectomy to correct his neck impairment. However, he reports that the surgery was unsuccessful and that he still suffers substantial pain and limitation of movement.
 
 
 3
 Bandy argues the decision of the Secretary is not supported by substantial evidence and therefore the district court erred when it granted summary judgment in favor of the Secretary. Specifically, he alleges the administrative law judge (ALJ) erred when he (1) found Bandy's impairment failed to meet the criteria of 20 C.F.R. Pt. 404, subpt. P, App. 1, Sec. 1.05.C, (2) failed to properly credit Bandy's allegations of pain, and (3) found Bandy could perform substantial gainful work existing in the national economy.
 
 
 4
 We find that substantial evidence in the record as a whole supports the Secretary's finding that Bandy's impairment does not meet the criteria of Sec. 1.05.C. Section 1.05.C requires that Bandy's disorder of the spine be accompanied by (1) "[p]ain, muscle spasm, and significant limitation of motion of the spine," 20 C.F.R. Pt. 404, subpt. P, App. 1, Sec. 1.05.C (1993), and (2) "[a]ppropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss." Id. Assuming, without deciding, Bandy's impairment meets the first requirement, the record nevertheless does not support a finding of significant motor loss. The record shows Bandy has likely suffered some motor loss and accompanying sensory loss, but the motor loss is not significant nor is it accompanied by any reflex loss.
 
 
 5
 The ALJ found Bandy's allegations of severe, constant discomfort were not supported by the record and were not credible. Before an ALJ can disregard a claimant's subjective complaints, he must "give full consideration to all of the evidence presented relating to subjective complaints." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.), supplemented, 751 F.2d 943 (8th Cir. 1984), vacated, 476 U.S. 1167, adhered to on remand, 804 F.2d 456 (8th Cir. 1986), cert. denied, 482 U.S. 927 (1987). In Polaski, we listed factors that should explicitly be considered by an adjudicator before discrediting the subjective complaints of a claimant. Id. We find that the ALJ considered Bandy's testimony in light of all the Polaski factors and hence, as the factfinder, could properly find that Bandy's claims of disabling pain were not credible.
 
 
 6
 Finally, Bandy alleges that the ALJ erred when he failed to make a finding of disability on step five of the sequential analysis.[2] See 20 C.F.R. Sec. 404.1520(f) (1993). Bandy challenges two findings underlying the ALJ's decision on step five: (1) that Bandy can engage in light, as opposed to sedentary, work; and (2) that Bandy's nonexertional limitations did not mandate that the ALJ call a vocational expert to satisfy the Secretary's burden of proving there existed substantial gainful work in the national economy. The ALJ found that Bandy had sufficient residual functional capacity (RFC) to engage in the full range of light work, and, based upon the Medical-Vocational Guidelines (the guidelines), see 20 C.F.R. Pt. 404, subpt. P, App. 2, rules 202.10, 202.11, 202.12, he found Bandy to not be disabled. If despite nonexertional impairments a claimant can engage in the full range of light work, an ALJ need not rely on the testimony of a vocational expert. See, e.g., Starks v. Bowen, 873 F.2d 187, 191 n. 2 (8th Cir. 1989); Talbott v. Bowen, 821 F.2d 511, 515 (8th Cir. 1987).
 
 
 7
 We find that substantial evidence in the record supports the ALJ's finding that Bandy can perform light work. Light work, as that term is defined under the Social Security Act, involves lifting no more than twenty pounds and frequently lifting or carrying no more than ten pounds. See 20 C.F.R. Sec. 404.1567(b) (1993). In order to do the full range of light work, "a job in this category ... requires a good deal of walking or standing, or when it involves sitting most of the time [may involve] some pushing or pulling of arm or leg controls." Id. Although we agree that Bandy's testimony, had it been credited by the ALJ, would not support a finding that he could perform light work, substantial evidence in the record supports the ALJ's finding on light work: the residual functional capacity assessment (RFCA) shows Bandy can occasionally lift twenty pounds; frequently lift ten pounds; stand or walk six hours out of an eight-hour day; and sit, with normal breaks, six hours out of an eight-hour day. Administrative R. at 53. This evidence is sufficient to find that Bandy can perform light, as opposed to sedentary, work.
 
 
 8
 The ALJ did not call a vocational expert to satisfy the Secretary's burden on step five of the sequential analysis; rather, he relied on the guidelines. An ALJ may rely on the guidelines if the claimant's vocational factors and RFC are the same as the corresponding criteria in the guideline rule. 20 C.F.R. Sec. 404.1569 (1993). If a claimant has significant nonexertional limitations, such as postural limitations, see id. Sec. 404.1569a(c), preventing the full range of work, an ALJ may not rely solely on the guidelines. Id. Sec. 404.1569a(d); Social Sec. Rul. 83-14 (1983); see also Starks, 873 F.2d at 191 n. 2; Talbott, 821 F.2d at 515. Bandy's RFCA cites nonexertional, but mild, postural limitations in all areas.[3] However, Bandy's postural limitations do not prevent him from performing the full range of light work. See Social Sec. Rul. 83-14 (the full range of light work includes the ability to at least "occasionally" bend or stoop, but "to perform substantially all of the exertional requirements of most ... light jobs, a person would not need to crouch"). Hence, despite the presence of some nonexertional limitations, because the ALJ found, and the record supports, that Bandy can perform the full range of light work, the ALJ could properly rely upon the guidelines to make a finding of no disability. See id.; accord Starks, 873 F.2d at 191 n. 2; Talbott, 821 F.2d at 515.
 
 
 9
 We find that the Secretary's decision is supported by substantial evidence in this record as a whole, and, accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 Step five requires that the ALJ determine whether the claimant can engage in substantial gainful work existing in significant numbers in the national economy. See 20 C.F.R. Sec. 404.1520(f)
 
 
 [3]
 Postural limitations include climbing, balancing, stooping, kneeling, crouching, and crawling. See 20 C.F.R. Sec. 404.1569a(c)(vi). Bandy's RFCA states that Bandy can stoop frequently, and that he can perform the other activities occasionally. Administrative R. at 54. "Frequently" is defined in the RFCA as less than two-thirds of the time, while "occasionally" is defined as less than one-third of the time. Id