62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Cindy L. RUSSELL, on behalf of Charles Russell, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee.
 No. 94-2971
 United States Court of Appeals
Eighth Circuit
 Submitted: July 25, 1995
Filed: Aug. 11, 1995
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cindy Russell, on behalf of her minor son, Charles Russell, appeals the district court's[1] decision affirming the decision of the Secretary of Health and Human Services (Secretary) to deny Charles child benefits. We affirm.
 
 
 2
 Russell applied for SSI on behalf of Charles based on his attention deficit disorder and hyperactivity (ADH), alleging an onset date of March 1992. The application was denied initially and upon reconsideration. After a hearing, an Administrative Law Judge (ALJ) denied benefits. The ALJ found that although Charles established the existence of a severe impairment, he did not meet the requirements of a listed disability in Appendix 1, Subpart 4, Reg. 1. Because Charles did not meet a listed impairment, the ALJ conducted an individual functional assessment (IFA) pursuant to 20 C.F.R. Sec. 416.924c(a)(1) (1994), and found that Charles was not disabled because he could function independently, appropriately, and effectively, in an age-appropriate manner.
 
 
 3
 The Appeals Council denied review. Russell filed this action for review in the district court, and the district court granted the Secretary's motion for summary judgment, finding that her decision was supported by substantial evidence. Russell timely appealed.
 
 
 4
 We will affirm the Secretary's decision if supported by substantial evidence. See Young v. Shalala, 52 F.3d 200, 201-02 (8th Cir.1995) (substantial evidence review in child benefits case); Bates v. Chater, 52 F.3d 529, 531-32 (8th Cir.1995) (substantial evidence is that which reasonable mind would accept as adequate to support Secretary's conclusion).
 
 
 5
 As Charles does not meet a listed impairment, the ALJ properly performed an IFA to determine whether Charles has an impairment that would be of comparable severity to an impairment that would disable an adult. See 20 C.F.R. Sec. 416.924d(a) (1994). A child's impairments are considered disabling only if they substantially reduce his ability to function independently, appropriately, and effectively in an age-appropriate manner. See 20 C.F.R. Sec. 416.924(f) (1994).
 
 
 6
 We conclude that the ALJ's decision is supported by substantial evidence. Russell testified that when Charles took his prescribed Ritalin,[2] he had more control over himself, his attention was lengthened to the point that he was able to maintain attention as well as children his own age, and he was mostly "just fine." She also testified that Charles was able to get along fine with his teachers, and related normally to her as a parent. Charles's teachers reported that after he began taking medication, his behavior, attention span, and learning improved. An examining clinical psychologist concluded that the Ritalin significantly altered Charles's behavior such that he was able to function more appropriately at school and at home. Charles's medical records, submitted by his treating pediatrician, Dr. Don Sponenberg, reflect that after the correct dosage of Ritalin was determined, Charles's behavior improved and he began doing well in school. Thus, the evidence demonstrates that when Charles takes his prescribed Ritalin, his ADH is controlled such that his ability to perform within the parameters of age-appropriate behavior is not substantially reduced. Cf. Stout v. Shalala, 988 F.2d 853, 855 (8th Cir.1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").
 
 
 7
 Contrary to Russell's argument, the ALJ properly considered the medical opinions of Dr. Sponenberg because they were supported by medical evidence. See Gude v. Sullivan, 956 F.2d 791, 793 (8th Cir.1992) (treating physician's opinion entitled to substantial weight unless unsupported by medically acceptable data). While the ALJ, in summarizing the evidence, mentioned a letter from Dr. Sponenberg to Cindy Russell which contained conclusory statements regarding Charles's disability, there is no indication the ALJ relied on these statements in determining Charles's disability. Russell's argument that she received ineffective assistance from her retained counsel is not cognizable in this type of action.
 
 
 8
 The judgment is affirmed.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge of the Western District of Missouri
 
 
 [2]
 Ritalin is a central nervous system stimulant, used to stabilize children over the age of six who are diagnosed with attention deficit disorder. Physicians' Desk Reference 909-10 (47th ed. 1993)