**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1112

_____

Hershel Jones, Jr.,                          *
                                             *
              Appellant,                     *  Appeal from the United States
                                             *  District Court for the Eastern
      v.                                     *  District of Arkansas.
                                             *
John J. Callahan[1], Acting                  *
Commissioner of the Social                   *
Security Administration,                     *
                                             *
              Appellee.

_____

Submitted:  June 13, 1997
Filed: September 9, 1997

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

---

[1]John J. Callahan was appointed to serve as the Acting Commissioner of the Social Security Administration effective March 1, 1997.  He has been substituted as the appellee in place of former Commissioner, Shirley S. Chater,  pursuant to Fed. R. App. P. 43(c)(1).

Hershel Jones Jr. filed applications for social security disability insurance benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383d (1994) in June 1993, alleging disability due to psychological problems and back pain. The Social Security Administration denied his applications initially and on reconsideration. Jones then sought a hearing before an administrative law judge (ALJ) which was held on July 11, 1994.

At the time of the administrative hearing, Jones was thirty-eight years old, had a ninth-grade education, and had past relevant work experience as a construction worker and bricklayer. Jones testified at the hearing that he injured his back attempting to lift a large rock with a co-worker; he experienced severe lower back pain with strenuous activity; he ranked his nonexertional pain a "three" on a scale of one to ten; and that he has been prescribed medication that is somewhat effective in alleviating his pain. Jones further testified that he lives with his wife, who does the cooking and most household chores; he drives to the grocery store, to doctor's appointments, and to visit family; he attempts to help with chores around the house; he is able to watch television while alternating between lying on the couch and sitting upright in a chair; he is able to walk a few blocks without sitting down and resting; he is able to bend over slowly; he is able to sit in a chair for an hour or two before he must lie down; and that he is able to sleep soundly for three or four hours at night. Jones also testified that his inability to work is "very depressing" and has affected his "nerves" and his "whole daily program." Tr. of Admin. Hr'g at 17.

The ALJ determined that Jones was not disabled under the relevant provisions of the Social Security Act and denied his applications for benefits. The ALJ found that while the medical evidence established that Jones had severe back problems, his subjective complaints of pain were not fully credible and he did not suffer from a listed physical or severe mental impairment. See 20 C.F.R. pt. 404 subpt. P app. 1 (1997). Although Jones was found to have significant limitations in his capacity for heavy

lifting and carrying and for excessive bending or stooping such that he is unable to perform his past relevant work, he retains the residual functional capacity to perform a full range of light work. Using the Medical Vocational Guidelines, the ALJ concluded that Jones was not disabled.

Following the ALJ's adverse decision, Jones requested review by the Appeals Council. The Appeals Council declined review, effectively adopting the ALJ's determination as the Commissioner's final decision and prompting Jones to seek judicial review in district court. The District Court[2] granted the Commissioner's motion for summary judgment, finding that the Commissioner's decision denying Jones benefits was supported by substantial evidence. On appeal, Jones argues that the record as a whole does not support the ALJ's finding that his subjective complaints of pain are not fully credible; that the ALJ did not properly take into account his psychological impairments; and that the District Court erred in refusing to remand his case for consideration of additional psychiatric evidence.

I.

We must affirm the District Court's decision if there is "substantial evidence on the record as a whole" to support the ALJ's determinations. Keller v. Shalala, 26 F.3d 856, 858 (8th Cir. 1994). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion." Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989). We must do more than merely search the record for evidence supporting the ALJ's decision; we must also take into account "whatever in the record fairly detracts from [the] weight" of the evidence supporting that decision. Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). The decision will be affirmed,

_____

[2]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

however, "where the evidence as a whole can support either outcome." Chamberlain v. Shalala, 47 F.3d 1489, 1493 (8th Cir. 1995).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting for at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1994). The burden of showing a medically determinable impairment is on the claimant. See § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner . . . may require.").

We first consider Jones's argument that the ALJ improperly discredited his subjective complaints of pain. When an individual's subjective complaints of pain are not fully supported by the medical evidence in the record, the ALJ may not, based solely on his personal observations, reject the complaints as incredible. See, e.g., Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995). Rather, the ALJ must consider all the evidence relating to the claimant's subjective complaints, including his previous work record, and observations by third parties and treating and examining physicians relating to his daily activities; the duration, frequency and intensity of his pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. See Polaski v. Heckler, 751 F.2d 943, 948-50 (8th Cir. 1984) (Polaski I).[3] "[S]uch complaints may be discounted if there are inconsistencies in the evidence as a whole." Sullins, 25 F.3d at 603. If, based on the Polaski I factors, the ALJ determines that the

---

[3]The United States Supreme Court vacated the decision in Polaski I and remanded for reconsideration in light of Bowen v. City of New York, 476 U.S. 467 (1986). See Bowen v. Polaski, 476 U.S. 1167 (1986). On remand, this Court held that amendment of the original decision was not required, see Polaski v. Heckler, 804 F.2d 456, 457 (8th Cir. 1986) (Polaski II), effectively reinstating Polaski I.

claimant's subjective complaints are not fully credible, he must make an express credibility finding and give his reasons for discrediting the claimant's testimony. See Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995); Chamberlain, 47 F.3d at 1494 ("Where conflicting allegations and claims exist, credibility findings are for the ALJ to make."). "We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

The District Court concluded that the evidence as a whole supported the ALJ's finding that Jones's subjective complaints were not fully credible. We agree. Although an ALJ may not disregard a claimant's subjective complaints of pain merely because the medical evidence is inconsistent with the claimant's description of the extent and severity of his pain, the ALJ may discount these complaints if there are inconsistencies in the evidence as a whole. Applying the Polaski I criteria, the ALJ concluded that the objective medical evidence of Jones's physiological impairments, coupled with evidence that Jones exaggerated the severity of his symptoms, dictated a finding that Jones's testimony was not fully credible. See Jenkins v. Bowen, 861 F.2d 1083, 1086 (8th Cir. 1988) (noting that exaggeration of symptoms is a factor to be weighed in evaluating subjective complaints of pain). We find no error in this assessment. Jones was prescribed a conservative course of treatment, including a limited dosage of medication which Jones testified provided some relief from pain. Jones's treating physician indicated that he would be capable of resuming work, with some limitations, in December 1993. At Jones's request, a psychiatric consultation was conducted in March 1994. After one interview, the evaluating psychiatrist concluded that Jones suffered from dysthymia, somatoform pain disorder,[4] passive aggressive personality disorder, and failed chronic low back syndrome with chronic pain; recommended a

---

[4]A somatoform disorder involves "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. pt. 404 subpt. P app. 1 pt. A § 12.07 (1997).

battery of psychological tests and "[r]eferral for psychological treatment for a brief period of time;" and commented that he did not feel Jones was capable of regular work. Admin. Tr. at 199. Jones did not submit documentation at the administrative hearing that these recommended sessions actually occurred or that long-term psychiatric treatment was prescribed. Jones's treating physician reported in June 1994, however, that despite the psychiatric diagnosis,

> I have difficulty in giving restrictions on Mr. Jones because of the discrepancies in his appearance in the examining room and those outside when he did not know that he was observed. He does have restrictions but I don't think his restrictions are as great as he is trying to make us believe.

Id. at 196. The ALJ, faced with this inconsistent evidence of the extent and severity of Jones's pain, found his complaints not fully credible. This finding is supported by the record as a whole, particularly in light of the fact that the ALJ apparently credited Jones's treating physician, who is presumably more familiar with Jones's medical history, rather than an evaluating physician who saw Jones for only one interview. See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991) ("[T]he report of a consulting physician who examined the claimant only once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the claimant's treating physician."). The ALJ properly applied the Polaski I factors in reaching his conclusion that Jones's subjective complaints of pain were not fully credible.

Jones attributes the discrepancies between the objective medical evidence and his alleged impairments to a somatoform disorder, a "mental disturbance [that] causes [him] to believe that [his] physical ailments are more serious than the clinical data would suggest." Easter v. Bowen, 867 F.2d 1128, 1129 (8th Cir. 1989). In cases involving somatoform disorder, an ALJ may not dismiss a claimant's subjective experiences without an express finding on the record that his testimony is not credible.

See id. at 1131; Metz v. Shalala, 49 F.3d 374, 377 (8th Cir. 1995).  Here, however, the ALJ made a specific finding that Jones's testimony was not fully credible owing not only to the absence of objective medical evidence to support Jones's allegations of disabling pain, but also owing to the absence of medically ordered restrictions on Jones's activity commensurate with his complaints of pain, and the incidents of exaggeration reported by Jones's treating physician.  The ALJ concluded that "the symptomatology suffered by the claimant is not of a duration, frequency or intensity as to be disabling nor would it preclude the performance of a full range of light work."  Decision of ALJ at 5 (Feb. 4, 1995).  We agree with the District Court that this conclusion is supported by substantial evidence on the record as a whole, and we will not reverse the ALJ "simply because some evidence may support the opposite conclusion."  Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994).

II.

We next address Jones's contention that the ALJ did not properly consider his psychological impairments.  This argument is belied by the record.  The ALJ complied with the process for evaluating mental impairments as described in the applicable regulations,  see 20 C.F.R. § 404.1520a (1997);[5] concluded that Jones did not have a

---

[5]The ALJ must first record pertinent signs, symptoms, and findings to determine if a mental impairment exists.  See 20 C.F.R. § 404.1520a(b)(1).  This data is gleaned from a mental status exam or a psychiatric history, and must be established by medical evidence.  Id.  If a mental impairment is found, the ALJ must analyze whether certain medical findings relevant to a claimant's ability to work are present or absent.  See id. § 404.1520a(b)(2).  The ALJ must then rate the degree of functional loss resulting from the impairment in four areas deemed essential to work:  activities of daily living; social functioning; concentration, persistence or pace; and deterioration or decompensation in work or work-like settings.  See id. § 404.1520a(b)(3).  The degree of functional loss is rated and, if the mental impairment is severe, the ALJ must determine whether it meets or equals a listed mental disorder.  See id. § 404.1520a(c)(2).  If the claimant has a severe impairment, but the impairment neither meets or equals the listing, then the ALJ must conduct a residual functional capacity assessment.  See id. § 404.1520a(c)(3).  The regulations also require that the ALJ complete and attach to his decision a document outlining compliance with the above steps, see id. § 404.1520a(d), a procedure which was followed in this case.  See Decision of ALJ ("Psychiatric Technique Review Form" attached).

severe mental impairment; and found that Jones retained the residual functional capacity to perform the full range of light work.

In addition to Jones's testimony, the ALJ was presented with medical records compiled by Jones's treating physician and with a consulting physician's psychiatric evaluation and diagnosis. The ALJ noted that the evidence as a whole failed to establish that Jones's daily activities were restricted due to emotional causes, or that there was a significant deficit in Jones's ability to function socially. Moreover, the ALJ found that Jones was not undergoing any regular treatment by a mental health professional nor was he regularly taking medication for emotional symptoms. As required by the relevant regulations, the ALJ, after acknowledging that some evidence of a mental impairment was presented, specifically noted the absence of substantial evidence showing "any significant level of deficiencies of concentration, persistence or pace; or any actual episodes of deterioration or decompensation in work settings." Decision of ALJ at 3. The ALJ concluded that "[t]he chief manifestation of his emotional condition appears to be his attempt to exaggerate his symptoms for secondary gain purposes." Id. Specifically noting that Jones "does not have any emotional or mental disorder which would significantly affect his ability to work," the ALJ ultimately concluded that Jones does not have a severe mental impairment within the regulations and that Jones retains the residual functional capacity for a full range of light work. Decision of ALJ at 3. While Jones may experience some difficulties associated with his mental or emotional health, the ALJ, after considering all relevant evidence, properly concluded that these difficulties do not rise to the level of a severe mental impairment as defined by the pertinent regulations. We agree with the District

Court that the ALJ's conclusion is supported by substantial evidence on the record as a whole.

Upon review of the record as a whole, we conclude that substantial evidence supports the Commissioner's decision to deny Jones Social Security and SSI benefits. The ALJ found that Jones's subjective complaints of pain were not credible and that Jones did not suffer from a severe mental impairment, findings that are supported by the record. In addition to the medical evidence presented, Jones also provided subjective testimony as to how his impairments affected his daily routine. The ALJ, making a credibility determination that he was entitled to make, found Jones's testimony not fully credible. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The ALJ did not dispute that Jones was in some pain, but the question is not whether Jones suffers any pain; it is whether he is fully credible when he claims that his back hurts so much that it prevents him from engaging in gainful activity. See id. at 883. We are satisfied that the ALJ's determination that Jones's complaints of pain were not fully credible and that Jones does not suffer from a severe mental impairment are supported by substantial evidence on the record as a whole.

III.

Finally, we consider Jones's contention that the District Court erred in refusing to remand his case to the ALJ for consideration of additional medical evidence pursuant to 42 U.S.C. § 405(g) (1994). Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings. See Delrosa v. Sullivan, 922 F.2d 480, 483 (8th Cir. 1991). Remand is appropriate only upon a showing by the claimant "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991). To be considered material, the new evidence must be "non-cumulative, relevant, and probative of the claimant's

condition for the time period for which benefits were denied." See <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1215 (8th Cir. 1993). Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits. See <u>id.</u>

An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition. See <u>Goad v. Shalala</u>, 7 F.3d 1397, 1398 (8th Cir. 1993) (per curiam); <u>Thomas v. Sullivan</u>, 928 F.2d at 260-61. Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits. Here, Jones sought remand to the ALJ for consideration of a psychiatric report dated August 5, 1996, eight months after the Appeals Council adopted the ALJ's decision as its final determination. The District Court, in denying Jones's request for remand, found that the evidence is not material, noting that it "deals with a single incident occurring some time after the Commissioner's decision" and that it "adds little to the record." <u>Jones v. Chater</u>, No. J-C-96-14, order at 1-2 (E.D. Ark. Oct. 24, 1996). We agree with the District Court that the new evidence Jones sought to introduce on remand is not material because it does not relate to the time period for which benefits were denied.

IV.

For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

      Attest:

             CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT