**Robert J. ANDRES, Plaintiff,**

v.

**Otis R. BOWEN, Defendant.**

**No. 86–2544C–(1).**

United States District Court, E.D. Missouri, E.D.

March 24, 1988.

---

4. Plaintiffs point out that Article 5, § 2 of Ordinance No. 1009, which contains the regulations for Single Family Residential Districts, departs from this pattern by explicitly prohibiting mobile homes in such districts. The Court is not willing to ignore the obvious implications of the Ordinance's overall design on the basis of such a minor deviation.

Frank J. Niesen, Jr., St. Louis, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

In the instant case, there is a gap in the record: the transcript of the ALJ hearing ends in mid-sentence during the testimony of the vocational expert. If this gap in the record contains material information such that a fair judicial review of the Secretary's decision is impossible, then a remand to the Secretary for the purpose of conducting a second ALJ hearing would be necessary. *See Marshall v. Schweiker*, 688 F.2d 55, 56 (8th Cir.1982). This memorandum is intended to supplement the Magistrate's Report in order to explain why this gap in the record does not compel remand to the Secretary. The Court otherwise adopts the Magistrate's Report as its own.

Beginning in 1979, plaintiff (who was age 29 at the time of the ALJ hearing in 1986) suffered a series of work-related accidents. As a result of these accidents, plaintiff has only limited use of his left arm and has a severe visual limitation in his left eye. In addition, plaintiff has a slight, correctable visual limitation in his right eye and has a respiratory problem. Plaintiff also testified: that he has dyslexia; that his visual problems render him incapable of working; that he cannot read or write or make correct change; that he suffers from numbness in his fingers and hands; and that his respiratory problems render him incapable of working even in a pollutant-free environment.

In the reported portion of the vocational expert's testimony, the expert testified that an individual with functional limitations permitting only light work and who has poor vision and respiratory problems permitting work only in a pollutant-free environment could perform jobs as a product assembler, product packager, hospital cleaner, janitor, and parking lot attendant. The expert further testified that these jobs exist in significant numbers in the St. Louis and national economies. On cross-examination, plaintiff modified the hypothetical. In response, the expert testified that an individual with the above functional limitations and with dyslexia such that he was functionally illiterate and could not read or write or make correct change could not be a parking lot attendant. The expert further testified that an individual with the above functional limitations and with dyslexia and with the functional limitations caused by numbness in the fingers and hands could not be a product assembler. At this point in the expert's testimony, the transcript ends. The gap in the record is the conclusion of the expert's testimony. According to plaintiff, in the missing portion of the expert's testimony, the expert testified in response to further modification of the hypothetical to take into account additional functional limitations allegedly suffered by plaintiff. (Plaintiff's Response to Court Order of January 11, 1988).

In his decision, the ALJ concluded that the combination of plaintiff's physical impairments (left arm limitation, visual limitations, and respiratory problems) did not render plaintiff disabled per se, but did preclude plaintiff from engaging in his past relevant work. This conclusion is supported by substantial evidence in the record as a whole. The ALJ then described the

reported portion of the vocational expert's testimony. (ALJ Decision at 5). The ALJ then described certain testimony by the expert which clearly is the missing testimony. First, the ALJ stated that the expert testified that plaintiff could perform jobs as a self-service gas station attendant. (*Id.*). This is testimony not contained in the transcript. Second, the ALJ stated:

[On cross-examination,] [m]odifications of the hypothetical were answered. [The expert] noted that dyslexia including difficulty making change and inability to read *would eliminate jobs as a* parking lot attendant and *self-service gas station attendant.* Numbness in the fingers and hands restricting the use of the hands through inability to feel *would eliminate the packaging* and the assembly *jobs. He noted that if such an individual had to avoid aerosols and cleaning agents, then the jobs of a hospital cleaner or in light janitorial work would be precluded.*

ALJ Decision at 5 (underlined portion added). The underlined portion is testimony not contained in the transcript. Yet, it is the logical conclusion of the line of questioning which plaintiff was pursuing at the location where the transcript ends.

Thereafter, the ALJ proceeded to reject as not credible plaintiff's testimony as it related to plaintiff's modification of the hypothetical. Specifically, the ALJ found plaintiff's testimony to be not credible: that he has dyslexia; that his visual problems render him incapable of working; that he cannot read or write or make correct change; that he suffers from numbness in his fingers and hands; and that his respiratory problems render him incapable of working even in a pollutant-free environment. (ALJ Decision at 5–6). The ALJ adequately set forth specific, legitimate reasons contained in the record for disbelieving these portions of plaintiff's testimony and the ALJ's credibility determination is supported by substantial evidence in the record as a whole.

Had the ALJ accepted as credible plaintiff's testimony, then plaintiff's functional limitations would render him incapable of performing the light work jobs identified as available by the expert. However, because he rejected plaintiff's testimony as not credible, the ALJ concluded that plaintiff is not disabled because plaintiff does have the residual functional capacity to perform those light work jobs.

The ALJ's decision describes the content of the missing portion of the expert's testimony: modification of the hypothetical to take into account plaintiff's testimony. Yet, the ALJ rejected as not credible plaintiff's testimony as it related to the modification of the hypothetical. Thus, the key to fair judicial review of the Secretary's decision is the Court's ability to review the ALJ's credibility determination. Because the gap in the record does not relate to testimony which could affect the ALJ's credibility determination, the Court's ability to review the ALJ's credibility determination is not affected by the gap in the record. Thus, the gap in the record is not significant or material, does not prevent fair judicial review of the Secretary's decision, and does not compel remand to the Secretary.

In sum, the gap in the record does not require remand and the Secretary's decision, and specifically the ALJ's credibility determination, is supported by substantial evidence in the record as a whole. Therefore, the Secretary is entitled to summary judgment.

### ORDER

Upon consideration of the record, the Report and Recommendation of the Honorable Carol E. Jackson, United States Magistrate, plaintiff's objections thereto, and defendant's response to plaintiff's objections, and pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that the Magistrate's Report be and is adopted and the Magistrate's Recommendation be and is accepted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be and is denied, and defendant's motion for summary judgment be and is granted.

IT IS FURTHER ORDERED that summary judgment be and is entered in defendant's favor on plaintiff's complaint.