**Robert J. ANDRES, Appellant,**

v.

**Otis BOWEN, M.D., Secretary of Health and Human Services, Appellee.**

No. 88–1655.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided March 20, 1989.

**454**

Frank J. Niesen, Jr., St. Louis, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,[*] District Judge.

WOLLMAN, Circuit Judge.

The Secretary of Health and Human Services denied Robert J. Andres' application for supplemental security income benefits under 42 U.S.C. §§ 1381–1383. Andres appeals the district court's[1] order accepting and supplementing the magistrate's[2] recommendation to affirm the Secretary's decision, 682 F.Supp. 996. We affirm.

Andres was born in 1956 and has completed nine years of formal education. He has worked as a mechanic, a floor man for a plastics company, a machine operator, and a laborer. He has not engaged in substantial gainful activity since January 1984.

Andres filed an application for supplemental security income benefits in June of 1985. The application was denied after initial consideration and reconsideration. An-dres requested and was granted a hearing before an administrative law judge.

The hearing was held on June 3, 1986, and the following facts were developed. In 1979, Andres fell at work, injuring his right side, both shoulders, and right knee. Surgery was performed on his left shoulder. Andres testified that as a result of these injuries he cannot raise his left arm above chest level and can lift only five pounds with his left arm and twenty-five pounds with his right arm. Andres also testified that he has back spasms once a year and that he experiences back pain if he sits for more than twenty minutes.

Andres was involved in another work-related accident in 1984. He suffered first and second degree burns on his face, chest, and arms and claims to have lost all sensation in both hands due to nerve damage.

An eye examination in 1984 showed reduced visual acuity of 20/40 in his right eye and 20/200 in his left eye. His right eye was diagnosed as correctable to 20/20, and his left eye to 20/80. An examination in 1985 showed reduced visual acuity of 20/50 in his right eye and 20/200 in his left eye. Andres testified that he has dyslexia and cannot read or write.

Andres has complained of shortness of breath since 1984. In 1985 he was diagnosed as having bronchial asthma. Andres testified that he cannot walk more than one-half block without becoming short of breath. Bending and heavy lifting also cause him to become short of breath.

A vocational expert testified at the hearing that Andres did not have any acquired work skills that are transferrable to the skilled or semi-skilled work activity of other work. In response to a hypothetical question by the ALJ, the expert indicated that there were several thousand jobs in the St. Louis area that Andres could perform.

---

[*] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

[2] The Honorable Carol E. Jackson, United States Magistrate for the Eastern District of Missouri.

The ALJ considered the evidence and concluded that Andres did not have an impairment or combination of impairments listed in 20 C.F.R. pt. 404 subpt. P. app. 1. The ALJ found as not credible Andres' complaints of dyslexia, numbness in the hands interfering with all manual dexterity, and significantly reduced visual acuity interfering with all work. After finding that Andres was incapable of returning to his past relevant work because these jobs required heavy lifting, the ALJ noted that the burden shifted to the Secretary to show that there is other work Andres is capable of performing. The ALJ considered Andres' age, education, work experience, residual functional capacity for light work, and the vocational expert's response to the hypothetical question and concluded that the Secretary had met his burden. The ALJ thus concluded that Andres was not entitled to benefits under the Social Security Act. The appeals council thereafter denied Andres' request for review, whereupon the ALJ's decision became the final decision of the Secretary.

Andres appealed to the district court. After reviewing the ALJ's decision, the magistrate recommended that the district court affirm the ALJ's decision. The district court accepted this recommendation and filed a supplemental memorandum to explain why the absence of a portion of the hearing transcripts in the record did not require remand. Andres appeals the district court's order, asserting that the ALJ erred in finding Andres was not credible with respect to several alleged impairments, that the ALJ's hypothetical question to the vocational expert failed to precisely relate Andres' impairments, and that fair judicial review is impossible because the record supplied by the Secretary does not contain a portion of the hearing transcript.

In reviewing the Secretary's decision, we, like the district court, must determine whether that decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 1383(c), 405(g); *Jenkins v. Bowen*, 861 F.2d 1083, 1085 (8th Cir.1988). "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *see also Piercy v. Bowen*, 835 F.2d 190, 191 (8th Cir.1987).

■ Andres first challenges the ALJ's refusal to credit Andres' claims that he has dyslexia, numbness in his hands that interferes with all dexterity, and disabling visual impairments. The ALJ made specific findings with respect to each alleged impairment, pointing out inconsistencies in the record and stating reasons for his findings that these complaints were not credible. We have carefully reviewed the record and conclude that these determinations are supported by substantial evidence on the record as a whole.

■ Andres also argues that the hypothetical question the ALJ posed to the vocational expert failed to "precisely set out the claimant's particular physical and mental impairments." *Tennant v. Schweiker*, 682 F.2d 707, 711 (8th Cir.1982). We do not agree. The ALJ asked the vocational expert whether jobs existed for a person of Andres' age and work background who could lift twenty pounds occasionally and ten pounds frequently, could lift less than five pounds with the left arm, could not lift the left arm above shoulder level, had respiratory problems that limited his lifting, could work only in a pollutant-free environment, could perform fine and gross manual operations with the fingers, and who had 20/200 vision in the left eye and 20/50 vision in the right eye. This question included all of Andres' impairments that were supported by substantial evidence.

■ Finally, Andres argues that meaningful judicial review is not possible because the hearing transcript ends in the middle of Andres' cross-examination of the vocational expert, the tape recording of the remainder of the hearing having been lost. According to Andres, the missing portion of the expert's testimony involved modifications of the hypothetical question to account for the additional functional limitations alleged by Andres. We agree with the district court, however, that the ALJ's written decision in effect reconstituted the

missing portion of the hearing transcript by discussing and then rejecting Andres' attempted modification of the hypothetical question. The additional impairments Andres posited in his attempted modification of the hypothetical question were specifically discredited by the ALJ, and we have concluded above that the ALJ's credibility determinations are supported by substantial evidence on the record as a whole. There is no indication, therefore, that the missing transcript would aid Andres or that its absence in any way prevents fair judicial review. *See Marshall v. Schweiker,* 688 F.2d 55, 56 (8th Cir.1982).

We affirm the district court's order upholding the Secretary's decision to deny benefits to Andres.