16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ruthie MANCE, Appellant,
v.
Donna E. SHALALA, Department of Health and Human Services,
Secretary, Appellee.
 No. 93-2107.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1993.
Filed: February 8, 1994.
 
 Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ruthie Mance appeals the district court's[1] grant of summary judgment dismissing her claim for disability insurance benefits under Title II of the Social Security Act (the Act) and supplemental security income benefits under Title XVI of the Act. We find that the decision of the Secretary of Health and Human Services (the Secretary), affirmed by the district court's grant of summary judgment, is supported by substantial evidence in the record. Hence, we affirm.
 
 
 2
 The Secretary denied Mance benefits after an administrative law judge (ALJ) found that she was not disabled under the Social Security Act. The appeals council then denied Mance's request for review, thus making the decision of the ALJ the final decision of the Secretary. Our task on review is limited to determining if substantial evidence in the record as a whole supports the Secretary's decision that Mance is not disabled. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992).
 
 
 3
 Mance was forty-one years old at the time of the administrative hearing. She has a twelfth-grade education and nontransferable skills from her past relevant work. Mance alleged in her application for benefits that she was disabled due to muscle spasms in her left arm and neck, diabetes, a skin condition on her hands, and a nervous condition.
 
 
 4
 The ALJ found that Mance was not engaged in substantial gainful work; did not have an impairment or combination of impairments listed in, or medically equivalent to one listed in, 20 C.F.R. Pt. 404, subpt. P, App. 1; did have severe impairments preventing her return to her past relevant work; and did have sufficient residual functional capacity to perform the full range of light work. Thus, Mance was found to be not disabled.
 
 
 5
 Mance argues that the ALJ's decision, adopted by the Secretary, is not supported by substantial evidence in the record because the ALJ (1) failed to properly develop the record by obtaining a psychiatric consultive exam, (2) failed to consider the combined effect of Mance's impairments,[2] (3) improperly discredited Mance's testimony, and (4) failed to include all of Mance's disabilities in the hypothetical question posed to the vocational expert. We disagree.
 
 
 6
 An ALJ need not order a consultive exam if the evidence in the record is sufficient to make a determination regarding disability. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). The ALJ found, based upon Mance's treating physician's record, that her anxiety was situational and was related to her son's tour in the Persian Gulf. A review of this record supports that finding, and we can find no contrary evidence suggesting that further evaluation by a consulting psychologist or psychiatrist was required by the Act.
 
 
 7
 The ALJ discredited much of Mance's testimony. An ALJ must "give full consideration to all of the evidence presented relating to [a claimant's] subjective complaints." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.), supplemented, 751 F.2d 943 (8th Cir. 1984), vacated, 476 U.S. 1167, adhered to on remand, 804 F.2d 456 (8th Cir. 1986), cert. denied, 482 U.S. 927 (1987). Here, we find that the ALJ carefully considered all of the factors we discussed in Polaski. See id. In light of the ALJ's consideration of these factors, the ALJ, as the factfinder, could properly find that Mance's testimony was not credible.
 
 
 8
 In order for an ALJ to rely on a vocational expert's opinion, the posed hypothetical must accurately describe a claimant's impairments. Tennant v. Schweiker, 682 F.2d 707, 711 (8th Cir. 1982). The proper question for a court in reviewing such a finding by an ALJ is whether the information given to the vocational expert in the hypothetical was supported by substantial evidence in the record as a whole. Andres v. Bowen, 870 F.2d 453, 455 (8th Cir. 1989). Mance recites numerous limitations which were not included in the vocational expert's hypothetical. However, the limitations enumerated by Mance were based upon testimony that was discredited by the ALJ. The vocational expert based his testimony upon a stated assumption that Mance could engage in the full range of sedentary activities. The results of Mance's residual functional capacities assessment, and the record as a whole, fully support this assumption.
 
 
 9
 Accordingly, we find that the decision of the Secretary was supported by substantial evidence in the record as a whole, and we affirm.
 
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, sitting with the consent of the parties
 
 
 [2]
 This claim is wholly without merit as the decision indicates that the ALJ considered whether Mance's impairments, either individually or in combination, met or equaled a listing. Administrative R. at 23