# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3209

_____

Bettye Williams,

          Appellant,

v.

Jo Anne B. Barnhart,[1] Commissioner,
Social Security Administration,

          Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\* [UNPUBLISHED]
\*
\*

_____

Submitted: March 15, 2002

Filed: March 22, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

Bettye Williams petitioned for disability insurance benefits and supplemental security income claiming she was unable to work due to hypertensive vascular disease, hydrocephalus with placement of a shunt, amblyopia, and anxiety disorder. Williams complained of fatigue, headaches, eye pain, hand cramping, foot swelling

_____

[1] Jo Anne B. Barnhart is substituted as appellee for former Acting Commissioner of Social Security Larry G. Massanari pursuant to Fed. R. App. P. 43(c)(2).

and mood problems. After determining Williams's conditions were not severe enough to be considered disabling and did not significantly limit her ability to work, the Commissioner denied her application. After a hearing to review the sufficiency of Williams's application, the administrative law judge (ALJ) also denied her application for benefits. The Appeals Council and the district court[2] in turn affirmed the decision of the ALJ.

Williams's only argument on appeal is that a number of "inaudible" portions within the record of the administrative hearing prevent a fair review of her claims. Absent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record. Andres v. Bowen, 870 F.2d 453, 455-56 (8th Cir. 1989); Marshall v. Schweiker, 688 F.2d 55, 56 (8th Cir. 1982) (per curiam).

Williams gives no indication what material facts were supposedly omitted or how any missing portion of the transcript could bolster her case. The most significant instances of inaudible testimony in the record occur when the medical expert presented a summary of evidence also found in the medical records. As the medical records are also part of the record, the omission of this summary does not impair the Court's ability to review the ALJ's decision. The remaining omissions are small gaps in the transcript that do not "interfere with comprehension of the testimony to an extent that would hinder fair review." Ward v. Heckler, 786 F.2d 844, 848 (8th Cir. 1986) (per curiam).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the recommendation of the Honorable Beverly Stites Jones, United States Magistrate Judge.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT