**Nancy BARNES, Plaintiff**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant**

**No. 02–145–B.**

United States District Court,
D. Maine.

Feb. 26, 2003.

David A. Chase, MacDonald, Chase & Szewczyk, Bangor, ME, for Plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Peter S. Krynski, Socials Security Disability Office of the General Counsel, Falls Church, VA, for Defendant.

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, Chief Judge.

Counsel having advised the Court that no objections will be filed to the Magistrate Judge's Recommended Decision dated February 21, 2003 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the Motion for remand is *GRANTED* and the case is *REMANDED* for completion of the record, or alternatively, a new hearing with an independent medical expert.

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO REMAND

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff in this Social Security Disability ("SSD") appeal moves for remand with instructions to complete the transcript of her hearing or, alternatively, to hold a new hearing. *See generally* Motion To Remand, etc. ("Motion") (Docket No. 3). The commissioner opposes the motion. *See generally* Defendant's Memorandum of Law in Response to Plaintiff's Motion To Remand ("Opposition") (Docket No. 4).

For the reasons that follow, I recommend that the Motion be granted.

■ "The Secretary has the burden of compiling and filing a transcript of the record including the evidence upon which the findings and decision complained of are based." *Dandeneau v. Heckler,* 607 F.Supp. 583, 584 (D.Me.1985) (citation and internal quotation marks omitted). As the plaintiff notes, the hearing transcript indicates in numerous places that portions of the underlying tape recording are inaudible. *See* Motion at 1, Record at 30–67.

As the commissioner points out (correctly, per my research), the First Circuit has not addressed the circumstances in which incompleteness of a transcript justifies remand, although other circuit courts of appeals have suggested that the existence of either prejudice to a claimant or impediment to the process of judicial review warrants such action. *See generally* Opposition; *see also, e.g., Williams v. Barnhart,* 289 F.3d 556, 557–58 (8th Cir.2002) ("Absent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record."); *Varney v. Secretary of Health & Human Servs.,* 846 F.2d 581, 583 (9th Cir.), *modified on reh'g on other grounds,* 859 F.2d 1396 (9th Cir.1988) (noting, but not deciding between, two possible tests: (i) whether plaintiff has shown that material evidence is missing from the record or (ii) whether record is adequate to allow judicial review).

■ While the majority of the gaps in the transcript in issue clearly are insignificant, several are sufficiently troubling, given the posture of the case, that I think they fairly can be said to impede judicial review. The plaintiff alleged an inability to work resulting from spinal stenosis, joint diffusion and pain in the back and

right hip. Record at 21. The administrative law judge proceeded to Step 5, *see id.* at 28–29, at which stage the commissioner bears the burden of proving a claimant's ability to do other work in the national economy, *see* 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In finding the plaintiff not disabled he relied solely on the Grid, *see* Record at 27, which the commissioner permissibly may do only to the extent a claimant's non-strength impairments do not erode the available occupational base more than marginally, *see, e.g., Ortiz v. Secretary of Health & Human Servs.,* 890 F.2d 520, 524 (1st Cir. 1989).

The starting point for effective review of this case is thus consideration of the plaintiff's claimed limitations arising from pain and asserted side effects of medication—*i.e.,* her alleged non-strength impairments. Several omissions from the hearing transcript potentially obscure those parameters, including the following:

> [ALJ]: ... Dr. Just was left and then you went—he was too expensive and you went to the other place?
>
> [CLMT]: No, their procedures, a lot of their procedures—it wasn't so much his cost, it was what would be covered at the hospital.
>
> [ALJ]: Okay.
>
> [CLMT]: And I already had (INAUDIBLE).
>
>    \*    \*    \*    \*    \*    \*
>
> [REP]: ... [H]ave you discussed with [your doctor] the side effects you perceive yourself as having?
>
> [CLMT]: That I perceive? You mean fatigue?
>
> [REP]: Fatigue and drowsiness and tiredness and -
>
> [CLMT]: Yes, I have. And I think it's—the benefits outweigh.
>
> [REP]: Okay. Okay. And has he told you that, the doctor?

> [CLMT]: That the benefits outweigh?
>
> [REP]: Yes.
>
> [CLMT]: (INAUDIBLE).
>
>    \*    \*    \*    \*    \*    \*
>
> [ALJ]: Have all the doctors you've talked to told you not—that surgery is not appropriate in your case? Has anybody—Dr. Johnston and Dr. Ritter, have you [sic] both told you don't do surgery?
>
> [CLMT]: Right. (INAUDIBLE).
>
>    \*    \*    \*    \*    \*    \*
>
> [CLMT]: Walking is very—it's uncomfortable (INAUDIBLE) but, I mean, it doesn't do you mean is it uncomfortable or can I walk? I mean, I can walk, but I don't think -
>
>    \*    \*    \*    \*    \*    \*
>
> [ALJ]: ... Does [walking] give you pain? It does give you pain?
>
> [CLMT]: Yeah (INAUDIBLE).

Record at 42, 46–47, 49–50. Without knowing for certain that the record accurately reflects the extent of the plaintiff's claimed limitations from pain and side effects of medication, it is difficult to assess whether the administrative law judge permissibly discounted them (and thus supportably relied on the Grid at Step 5).

Beyond this, there is another troubling omission from the transcription of the testimony of Edward B. Babcock, M.D., a board-certified orthopedist who testified at the plaintiff's hearing. *See id.* at 21. Dr. Babcock testified in relevant part:

> To go on as she is is just awful. She is going to have no life at all doing what she's doing now. And if there is any other way to do it, even if it requires surgery, at least she should be told that that's available for her. She—it's her choice, of course, but and I think we have to take those considerations in our

mind when we talk about the disability (INAUDIBLE).

\* \* \* \* \* \*

[U]nder the present circumstances, putting all this together, whatever is the real cause of this, I don't think she could work at this time.

*Id.* at 62–63. The testimony omitted may have been an innocuous single word; however, it equally plausibly could have been a substantive statement bearing on the central question of disability. Inasmuch as it is the commissioner's burden to produce a complete and accurate transcript, uncertainties weigh in favor of remand as requested by the plaintiff.

For the foregoing reasons, I recommend that the Motion be **GRANTED** and the case **REMANDED** for completion of the record or, alternatively, a new hearing with an independent medical expert.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

February 21, 2003.