**Darrel METZ, Appellant,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Appellee.**

No. 94–1873.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1994.

Decided Feb. 22, 1995.

E. Gregory Wallace, Jonesboro, AR, argued (Anthony Bartels, on the brief), for appellant.

Joseph B. Liken, Dallas, TX, argued (Joyce Shatteen, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Darrel Metz appeals from a District Court[1] order of summary judgment affirming the denial of disability insurance benefits by the Secretary of Health and Human Services. After careful review of the record, the briefs, and the well-reasoned opinion of the District Court, we affirm.

### I.

Metz filed an application for disability insurance benefits on May 28, 1991. At the time he filed his application, Metz was 36 years old, with relevant work experience as a lumber company employee. Metz claimed that he was unable to work due to debilitating pain and limited mobility. He attributes his disability to a work-related fall which occurred on September 26, 1990, and resulted in a back injury.

The Department of Health and Human Services denied his claim initially and upon reconsideration. Metz then requested a hearing before an Administrative Law Judge.[2] The ALJ concluded that Metz was not disabled and could return to his past work, despite evidence that he suffered from some physical problems.

Following the ALJ's adverse decision, Metz requested review by the Appeals Council. He presented the Appeals Council with additional evidence in the form of letters from Dr. George Collier and Dr. Ramon Lopez indicating that he had a mental disorder which rendered him unable to work. After considering this evidence, the Appeals Council still denied Metz's request and adopted the ALJ's determination, making it the Secretary's final order. Next, Metz filed a complaint in the United States District Court for the Eastern District of Arkansas. Upon review, the District Court held that the ALJ's conclusions were indeed supported by substantial evidence, granted summary judgment in favor of the Secretary, and dismissed the complaint.

On appeal, Metz makes three arguments for reversal of the District Court's order. First, he contends that the record as a whole does not support the finding that his subjective complaints of pain are not credible. Second, he argues that the ALJ did not take his mental impairments into account. Third, he maintains that the ALJ's finding regarding his residual functional capacity is not supported by substantial evidence. In the alternative, he asserts that his case should be remanded for reconsideration by the ALJ.

### II.

■ We must affirm the District Court's decision if there is substantial evidence on the record as a whole supporting the ALJ's determinations. *Sullins v. Shalala,* 25 F.3d 601, 603 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir.1994). In sum, we may not substitute our judgment for that of the ALJ. *Hutsell v. Sullivan,* 892 F.2d 747, 750 (8th Cir.1989).

■ First, we consider Metz's argument that the ALJ improperly discredited his subjective complaints of pain. The District Court concluded that the evidence as a whole supported the ALJ's finding that Metz was not disabled. We agree. While an ALJ may not disregard subjective complaints of pain simply because medical evidence does not support them, he may discount such complaints if there are inconsistencies in the evidence as a whole. *Sullins,* 25 F.3d at 603.

■ The ALJ applied the criteria set forth in *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984) (subsequent history omitted). He concluded that the medical evidence was inconsistent with Metz's complaints of severe pain. He also found that Metz was treated with limited medication in conservative doses, and that his activities were not restricted. Finally, the ALJ noted that there were in-

---

1. The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

2. The Honorable F.J. Howell. We compliment Judge Howell on the high quality of his opinion.

consistencies in Metz's testimony involving his daily activities, and the origination date[3] of his disability. The inconsistencies in Metz's testimony, lack of severe pain medication, and the absence of objective medical evidence of severe pain, support the ALJ's decision to discredit Metz's subjective complaints of pain.

■ Metz attributes the discrepancies between the objective medical evidence and his alleged disabilities to a somatoform disorder, a psychiatric disorder which causes the sufferer to have a distorted perception of physical ailments. In cases involving somatoform disorder, we have stated that an ALJ is not free to reject subjective experiences without an express finding that the claimant's testimony is not credible. *Easter v. Bowen,* 867 F.2d 1128, 1131 (8th Cir.1989). Here, the ALJ stated that he found Metz's testimony incredible and explained why. In light of this express determination, we will not reverse the ALJ "simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala,* 25 F.3d 712, 714 (8th Cir.1994).

■ Turning to Metz's second contention, that his alleged mental impairments were not taken into account, we find this argument is not supported by the record. The District Court held that the ALJ evaluated Metz's mental impairment by properly focusing on his ability to function. Additionally, the letters of Dr. Lopez[4] and Dr. Collier,[5] Metz's treating physician, were considered by the Appeals Council. See *Browning v. Sullivan,* 958 F.2d 817 (8th Cir.1992). Despite this evidence, the Appeals Council denied Metz's request for review. The issue before us is whether the evidence of mental disorder changes our conclusion that the ALJ's decision was supported by substantial evidence. *Id.* at 823; *Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992). We conclude that it does not.

■ The District Court found the opinion of Metz's treating physician, Dr. Collier, conclusory and not supported by clinical or diagnostic data. Ordinarily, a treating physician's opinion should be given substantial weight, *Onstead v. Sullivan,* 962 F.2d 803, 805 (8th Cir.1992); however, when the physician's opinion amounts only to a conclusory statement, it is not entitled to greater weight than any other physician's opinion. *Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir.1991). A conclusory letter, such as the letter submitted by Dr. Collier, diagnosing a claimant as disabled without supporting evidence does not amount to substantial evidence of disability. *Browning,* 958 F.2d at 823. Moreover, when a treating physician's statements are conclusory in nature, the ALJ is free to discount his or her statements in favor of the contrary medical opinion of a consulting physician. *Ward v. Heckler,* 786 F.2d 844, 846 (8th Cir.1986). In this case, the ALJ credited the opinions of Dr. Cole, a psychiatrist, and Dr. Tyrer, a neurosurgeon, who both examined Metz and concluded that he could perform work-related activities.[6] The Secretary is encouraged to "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5).

---

3. In his application for benefits Metz stated that he had been unable to work since January of 1991. He later alleged that he had been unable to work since September of 1990. The inconsistency, though small, is relevant.

4. Dr. Lopez, an orthopedist, concluded that Metz suffered from adhesive capsulitis of both shoulders, fibromyalgia, and chronic lumbar and cervical strains. In a letter dated July 6, 1992 he states: "[I]t is my opinion that this patient is totally disabled at this time, and unable to hold any kind of gainful employment. I think a lot of these problems are secondary to his depression reaction.... most of his problems are functional in nature, but nevertheless render him unable to work."

5. Dr. Collier concluded that Metz suffered from osteoarthritis, fibromyalgia, and bilateral bursitis. In his notes dated July 14, 1992 he writes: "He is also depressed and his depression renders him unable to work as well as his physical impairments."

6. Dr. Cole diagnosed Metz as having major depression and probably somatoform pain disorder, but concluded that he could perform work-related activities. Dr. Tyrer evaluated Metz over a period of several months and ultimately concluded that he could return to work.

With regard to Dr. Lopez's opinion, the District Court found it to be at odds with the record as a whole. We have stated that the opinion of a consulting physician who examines a claimant once does not constitute substantial evidence. See *Hancock v. Secretary*, 603 F.2d 739, 740 (8th Cir.1979). In this instance, the ALJ properly credited the expert opinion of Dr. Tyrer, who evaluated Metz over a period of several months.

Finally, Metz argues that the ALJ erred in his determination that he has the residual functional capacity to perform his past relevant work. Specifically, Metz objects to the ALJ's finding that his past relevant work was to be a fork-lift operator. He notes that although he operated a fork-lift while employed at various lumber companies, this was not his primary job. He explains that his past relevant work involved 8 to 9 hours of walking or standing, constant bending, and lifting of material weighing 50 to 100 pounds. According to Metz, the ALJ's mischaracterization of his past work resulted in a failure properly to consider the physical and mental demands of his work. Further, he maintains that the record does not support the ALJ's finding that he had the capacity to do medium work.[7]

The fact that the ALJ mischaracterized Metz's past work (if he did) is of no moment in this instance. The ALJ concluded that Metz could perform a full range of medium work except for work requiring complex tasks. As noted above, the ALJ based his conclusion on his determination that Metz's allegations of severe pain were not supported by the medical evidence, and that Metz's testimony about the severity of his pain was not credible. Thus, Metz failed to sustain his burden of proving that his impairments prevent him from engaging in past relevant work, which surely includes being a forklift operator. See *Clark v. Shalala*, 28 F.3d 828 (8th Cir.1994); *Chandler v. Secretary*, 722 F.2d 369, 370 (8th Cir.1983) (per curiam).

### III.

We conclude that the ALJ's decision is supported by substantial evidence on the record as a whole. Accordingly, we affirm.

7. Medium work involves the frequent lifting or carrying of objects up to 25 pounds and no more than 50 pounds. 20 C.F.R. § 404.1567(c).