**Carol A. MARCINIAK, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 94–1137.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1994.

Decided March 15, 1995.

---

**5.** We do not reach the government's argument that the search was permissible as a search incident to arrest.

Sean Michel Quinn, Duluth, MN, argued, for appellant.

George Jackiw, Chicago, IL, argued (Marc Mates, on the brief), for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge.

HANSEN, Circuit Judge.

Carol A. Marciniak appeals from the district court's [1] grant of summary judgment in favor of the Secretary of Health and Human Services (Secretary), affirming the Secretary's decision to deny her application for disability insurance benefits. For the reasons discussed below, we affirm.

At the time of the hearing before the Administrative Law Judge (ALJ), Marciniak was a 43–year–old woman with a high school education who had worked for the past ten years as a library aide in the public schools. The job coincided with the school calendar year, and on May 31, 1990, Marciniak was laid off due to staff reductions. Marciniak's application for benefits claims that her disability began on May 31, 1990, because she would not have been able to work the following school year due to her medical condition.

Marciniak has a history of scoliosis (curvature of the spine). She wore a back brace as a teenager and lived for many years thereafter without serious pain or significant medical treatment. In 1987, Marciniak began to experience increased pain in her back and neck. She then sought medical treatment and was diagnosed with adult idiopathic scoliosis, for which corrective surgery was necessary. Marciniak underwent surgery in June 1988, for spinal fusion and insertion of a system of metal hooks and rods into her spine (a procedure called Harrington rod instrumentation). After several months off of work for recovery from surgery, Marciniak began a gradual return to work.

In April 1990, Marciniak was injured at work from a fall in which she twisted her neck and back. She returned to work two days after the incident and continued working until laid off on May 31, 1990.

In October 1990, a small disc herniation was discovered when Marciniak sought treatment for increased back pain. She was advised to continue a general exercise program and to return to work, avoiding activity that would require repeated neck movements or maintaining her neck in a fixed period for an extended period of time (however, her job had already been terminated).

In April 1991, Marciniak was examined by Dr. Person in connection with a worker's compensation eligibility claim. She complained of headaches, shoulder pain, back pain, spinal pain, and numbness in her fingers. Dr. Person noted that she had been taking primarily aspirin for pain, Hydrocordon for severe pain, and she was walking two miles a day for exercise. Dr. Person diagnosed Marciniak with thoracolumbar scoliosis with multiple-level arthritis and a degenerative disc disease. In his opinion, Marciniak "qualified as having a disability as set forth in the listing of impairments from May 1990 to the present." (R. at 183.) In the same breath, however, Dr. Person also indicated that Marciniak could perform sedentary work on a sustained and competitive basis from May 1990 through the date of his examination with a ten pound weight restriction and further restrictions on bending and rotating due to decreased flexibility of her spine.

Marciniak testified at the hearing that her work activities as a library aide, which required a good deal of walking, bending, and lifting, made her very sore. She testified that she can infrequently lift two to three pounds, that she can stand only 15 minutes in one place but up to an hour if allowed to move around, that she has trouble sitting for long periods of time, and that she has constant pain in her back which sometimes radiates into her legs and arms, causing anxiety, "grumpiness," and problems concentrating. Marciniak testified that she lays down as often as three times a day to manage her pain. Marciniak can no longer go grocery shopping without help, and her ability to drive a car is limited due to difficulty turning her head from side to side. She stated that she does not regularly take pain medications because she does not want to become dependent on drugs.

A vocational expert (VE) testified that, if he credited all of Marciniak's subjective complaints and limitations, there would be no

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

jobs in the national economy that Marciniak could perform, and a finding of disabled would be required. If the VE assumed the same vocational profile along with sedentary lifting abilities (10 pounds infrequently, 5 pounds frequently), a need to change positions frequently, the capacity to sit for an hour and stand for two hours, and limited twisting and bending abilities, then the VE concluded that the person would be capable of performing some sedentary jobs.

The ALJ found that Marciniak had severe impairments consisting of a severe small disc herniation and status post internal Harrington rod fixation but that she does not have an impairment or combination of impairments listed or medically equal to a listed impairment. The ALJ found Marciniak's subjective complaints and limitations were "[f]or the most part" credible and supported by the objective medical evidence. (R. at 36.) However, the ALJ discounted the extent of her pain, i.e., her need to sleep or rest during the day due to pain and her complaints of anxiety, irritability, and forgetfulness due to pain, because of a lack of documentation concerning these complaints. The ALJ denied benefits, concluding that Marciniak was not disabled because, although she could not perform her past relevant work, she retained the residual functional capacity to perform a significant number of sedentary jobs in the national economy.

Marciniak sought judicial review. The district court concluded that the Secretary's decision to deny benefits was supported by substantial evidence on the whole record. Marciniak appeals, contending (1) that her impairments are medically equal to a listed impairment and (2) that the ALJ improperly discredited her testimony concerning the extent of her pain and functional limitations.

■ We must affirm the decision of the district court if there is substantial evidence on the record as a whole to support the determinations of the ALJ. *Metz v. Shalala,* 49 F.3d 374, 376 (8th Cir.1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In sum, we may not substitute our judgment for that of the ALJ." *Id.* (internal citations omitted).

■ "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). Marciniak concedes that her impairment does not meet all of the medical criteria for any listed impairment but contends that in combination, her impairments are medically equal to the "Disorders of the Spine" impairment listed at section 1.05(C), which is described as follows:

C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.05(C). "For a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [s]he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Zebley,* 493 U.S. at 531, 110 S.Ct. at 891. *See also* 20 C.F.R. § 404.1526. Thus, the question is whether Marciniak's combined impairments present medical findings equal in severity to *all* the criteria for section 1.05(C).

■ The ALJ found that Marciniak did not meet or equal the second criteria for this listed spinal disorder because medical evidence indicated no significant motor loss with muscle weakness and no significant sensory and reflex loss. Marciniak undoubtedly suffers pain and spinal impairments, but there is substantial evidence to support the ALJ's conclusion that her medical impairments do not equal the listing because there are no medical findings comparable in kind or severity to the second criteria. Marciniak's medical records indicate that her doctors noted "[no] obvious motor or sensory deficit and

deep tendon reflexes were brisk and symmetrical." (R. at 168.) Thus, even if Marciniak's complaints of pain were sufficient to equal the first medical criteria under the listing, the absence of medical findings similar and equal in severity to the second criteria is fatal to her claim of medical equivalency.

■ Marciniak argues that the additional pain and muscle spasms from her other spinal impairments are equivalent to the second medical criteria of the listed impairment. The Seventh Circuit, however, has said that "[when] pain is one of the listed criteria, ... it cannot be used to substitute for others not satisfied." *Pope v. Shalala,* 998 F.2d 473, 481 (7th Cir.1993). Marciniak contends her situation is distinguishable because her allegations of additional pain originate from other spinal impairments; she is not merely contending that her pain is so severe that it alone should substitute for other listed criteria. We remain unconvinced. We find that Marciniak's argument is indistinguishable in substance from the argument rejected in *Pope,* and we likewise reject the argument here. When pain is a criteria for a listed impairment, additional pain alone cannot substitute for other criteria which are not satisfied, regardless of its origin.

■ Marciniak's final argument is that the ALJ improperly discredited her subjective complaints. The VE testified that if all of Marciniak's subjective complaints and limitations were credited, a finding that she was disabled would be required by law. The ALJ discredited the extent of some of Marciniak's subjective complaints as inconsistent with the record, and thus determined that she retained the residual functional capacity to perform some sedentary jobs. The district court concluded that this determination was supported by substantial evidence, and we agree.

■ An ALJ may discount subjective complaints if they are inconsistent with the evidence as a whole but may not disregard them solely because they are not fully supported by the objective medical evidence; the absence of objective medical support is just one factor to be considered along with the following:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication;
5. functional restrictions.

*See Polaski v. Heckler,* 739 F.2d 1320, 1322–23 (8th Cir.1984). The ALJ must make an express credibility determination detailing the reasons for discrediting a claimant's testimony and must set forth the inconsistencies in the record, demonstrating that the ALJ considered and evaluated all of the relevant evidence. *See Ricketts v. Secretary of Health and Human Serv's,* 902 F.2d 661, 664 (8th Cir.1990).

■ As noted by the district court, the ALJ gave "painstaking attention" to the record and the *Polaski* factors in discrediting the extent of Marciniak's subjective complaints. (Appellant's Addend. at A–20) The ALJ found that although Marciniak's testimony was credible for the most part, a number of inconsistencies existed, and he "painstakingly examined the conflicts that he noted between her testimony and other evidentiary showings in the Administrative Record." (*Id.* at A–33.) The ALJ specifically discussed the inconsistencies he found in the record and thoroughly explained why he discredited the extent of Marciniak's complaints. The ALJ found that Marciniak's claims of severe and constant pain and a need to lie down and rest to control the pain were inconsistent with her minimal attempts to seek medical treatment or effective medication. These and other inconsistencies, as well as the lack of supporting objective medical evidence, support the ALJ's decision to discredit the extent of Marciniak's subjective complaints. "We will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala,* 25 F.3d 712, 714 (8th Cir.1994).

Accordingly, we affirm the judgment of the district court.