[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1193

 ALBERTO NAZARIO,

 Plaintiff, Appellant,

 v.

 HHS, COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Salvador Medina De La Cruz on brief for appellant. 
Guillermo Gil, United States Attorney, Lilliam Mendoza-Toro, 
Assistant United States Attorney, and Wayne G. Lewis, Assistant 
Regional Counsel, Social Security Administration, on brief for
appellee.

 

 October 29, 1997
 

 Per Curiam. Alberto Nazario appeals from the 

district court's judgment upholding the denial of his

application for Social Security disability benefits by the

Commissioner of Social Security. After a careful review of

the record, we affirm. In this opinion, we address only the

specific claims of error raised by Nazario on appeal. 

 Nazario contends, first, that the Commissioner

should have found him to be disabled on the ground that his

medical findings were "equal to" to the findings described in

Listings 4.02B and 6.02C. We find his contention

unpersuasive, however, because he does not describe -- and

the record does not disclose -- findings pertinent to each

criterion of those Listings. See Marciniak v. Shalala, 49 

F.3d 1350, 1353 (8th Cir. 1995) (a disability claimant's

failure to show medical findings equivalent to all of the 

Listings criteria defeats a claim of medical equivalence)

(citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). 

 Next, Nazario challenges the Commissioner's

determination that he could perform light exertional work

despite his impairments. In particular, he claims that the

functional assessments relied on by the Commissioner were not

substantial evidence in support of that determination because

they did not take into account the results of a subsequent

kidney biopsy report and because some of them were rendered

by nonexamining physicians. He also suggests that the

 -2-

Commissioner could not determine how serious his impairments

were because certain medical records contained illegible

entries. We conclude that these claims lack merit. 

 It is true that a residual functional capacity

assessment which does not consider the full medical record

may not constitute substantial evidence. See Frankl v. 

Shalala, 47 F.3d 935, 938 (8th Cir. 1995) (an agency residual 

functional capacity form which was not based on the full

medical record was not substantial evidence). Here, however,

the biopsy report itself stated that the preoperative and

postoperative diagnoses were the "same," and subsequent

progress notes showed no change in Nazario's renal

insufficiency, which was characterized as "stable." Given

the lack of change in Nazario's diagnosis and overall kidney

condition, the functional assessments in the record retained

validity and so constituted substantial evidence in support

of the Commissioner's decision that Nazario was not disabled.

See Gordils v. Secretary of Health and Human Services, 921 

F.2d 327, 330 (1st Cir. 1990) (per curiam) (taken together,

the results of a physical examination of the claimant and a

functional assessment made four months before the examination 

constituted substantial evidence in support of the denial of

disability benefits since the examination showed no objective

evidence of a disabling medical impairment). 

 -3-

 Moreover, we have declined to rule absolutely that

the opinions of nonexamining physicians cannot constitute

substantial evidence. See Rose v. Shalala, 34 F.3d 13, 18 

(1st Cir. 1994). Together with the supporting functional

assessment by a consulting, examining physician and

supporting medical evidence in the record, the nonexamining

physicians' opinions in this case constituted substantial

evidence in support of the Commissioner's determination. See 

Gordils, supra. Furthermore, the medical record overall was 

legible and adequately disclosed the status of Nazario's

various physical impairments, and so there is no need for a

remand. Compare Manso-Pizarro v. Secretary of Health and 

Human Services, 76 F.3d 15, 17 (1st Cir. 1996) (per curiam) 

(remanding a case in which "non-trivial" parts of the medical

record were illegible). 

 Finally, given his nonexertional limitations (in

particular, an anxiety disorder), Nazario objects to the

Commissioner's reliance on the Grid to show that there was

work in the economy which he could perform despite his

exertional limitations. Because there is substantial

evidence in the record that his nonexertional limitations

would not significantly affect his ability to perform the

full range of light work, we conclude that the Commissioner

could rely on the Grid to support her determination that

Nazario was not disabled. See Heggarty v. Sullivan, 947 F.2d 

 -4-

990, 996 (1st Cir. 1991) (per curiam) (the Grid may be relied

on if the claimant's nonexertional impairment does not

"significantly" affect his or her ability to perform the full

range of jobs at the appropriate exertional level) (citation

omitted).

 Affirmed. 

 -5-