# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1160

_____

John V. Leoni,        &ast;
            &ast;
   Appellant,     &ast;
            &ast; Appeal from the United States
   v.         &ast; District Court for the
            &ast; District of Minnesota
Kenneth S. Apfel,     &ast;
            &ast;  [UNPUBLISHED]
   Appellee.     &ast;

_____

Submitted: March 25, 1999

Filed: May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

John V. Leoni appeals from the final judgment entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of the Social Security Commissioner, thereby affirming the Commissioner's decision to deny Leoni's application for disability insurance benefits. For reversal, Leoni argues the administrative law judge overlooked certain evidence concerning Leoni's back

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

impairment, and erred in evaluating his mental impairments. For the reasons discussed below, we affirm the judgment of the district court.

Upon carefully reviewing the record, we conclude that the findings of the administrative law judge with regard to Leoni's back impairment are supported by substantial evidence in the record as a whole. In particular, while the medical evidence shows Leoni met some of the criteria outlined in Listing § 1.05C of 20 C.F.R. Pt. 404 Subpt. P., App. 1, discussing vertebrogenic disorders, the medical evidence does not show Leoni's back impairment met all the specified criteria of that listed impairment. See Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995) (for claimant to establish his impairment matches listing at § 1.05C, it must meet all specified medical criteria). In addition, statements of Leoni's treating physician and others established that after Leoni was involved in two automobile accidents in August 1992, he could not perform his past work, which included heavy lifting, but he retained the functional capacity to perform a wide range of light jobs, as identified by the vocational expert who testified at Leoni's hearing. See Ostronski v. Chater, 94 F.3d 413, 417 (8th Cir. 1996) (physician's opinions that claimant retained ability to perform modified range of exertionally light work provided substantial evidence to support administrative law judge's finding that claimant did not meet any listed impairment presumed to be disabling). We also conclude that Leoni waived his challenge to the findings about his mental impairment by not presenting the issue to the district court. See Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996). Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-