# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4086

_____

Judy Richardson,                                        *
                                                       *
            Appellant,                                 *
                                                       *
      v.                                               *  Appeal from the United States
                                                       *  District Court for the
Kenneth S. Apfel, Commissioner,                        *  Eastern District of Arkansas.
Social Security Administration,                        *
                                                       *     **[UNPUBLISHED]**
            Appellee.                                  *

_____

Submitted: July 26, 1999
Filed: July 30, 1999

_____

Before  BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Judy Richardson appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income.  We affirm.

At a hearing before an administrative law judge (ALJ), Richardson testified that she suffers from scoliosis, colitis, migraine headaches, and back pain.  Following the

---

[1]The HONORABLE HENRY L. JONES, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

hearing, the ALJ found that Richardson's scoliosis did not qualify as a listed impairment, noting that Richardson's orthopaedist had not recommended surgery. The ALJ further noted that Richardson apparently no longer suffered from colitis and migraines following a colectomy and hysterectomy. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discounted Richardson's subjective complaints of disabling pain, and found that she retained the residual functional capacity to perform her past relevant secretarial work.

We conclude that substantial evidence in the record supports the ALJ's decision. See Bates v. Chater, 54 F.3d 529, 531-32 (8th Cir. 1995) (standard of review). Richardson's scoliosis, though severe, did not qualify as a listed impairment as none of her doctors indicated she suffered any motor, sensory, or reflex loss. See Marciniak v. Shalala, 49 F.3d 1350, 1353-54 (8th Cir. 1995); 20 C.F.R. pt. 404, subpt. P., app. 1, § 1.05(C) (1998). The medical evidence and Richardson's testimony (inter alia, that conservative treatment measures provided some relief) do not substantiate disabling pain. See Black v. Apfel, 143 F.3d 383, 386-87 (8th Cir. 1998); Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993). The ALJ also properly determined that Richardson could return to her past relevant work. See Johnston v. Shalala, 42 F.3d 448, 452 (8th Cir. 1994); 20 C.F.R. § 404.1567(a) (defining sedentary work).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-