# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2500

———————

Rosalie A. Deckard,                                *
                                                   *
    Plaintiff - Appellant,                 *
                                                   *    Appeal from the United States
v.                                                 *    District Court for the
                                                   *    Western District of Missouri.
Kenneth S. Apfel, Commissioner of                  *
the Social Security Administration,                *
                                                   *
    Defendant - Appellee.                  *

———————

Submitted: January 12, 2000

Filed: June 12, 2000

———————

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

———————

LOKEN, Circuit Judge.

Rosalie Deckard fractured her left ankle at work when it was pinched between a pallet and a motorized pallet jack. On May 18, 1996, Dr. Brian Ellefsen surgically repaired Deckard's ankle, and it appeared to heal well thereafter. Dr. Ellefsen released Deckard for light duty work in July 1996, but she did not continue working. She applied for Social Security supplemental security income benefits in December 1996, claiming a disability onset date of May 18 as a result of the ankle injury. After a hearing, the Commissioner's administrative law judge (ALJ) denied benefits, finding

that Deckard has the residual functional capacity to perform the full range of sedentary work. The Commissioner's Appeals Council denied review, the district court[1] upheld the Commissioner's decision, and Deckard appeals. We affirm.

By September 1996, Dr. Ellefsen noted that x-rays of Deckard's ankle looked "very good," but she complained of pain, tenderness, and swelling. Dr. Ellefsen treated her with an injection of Sensorcaine and Dalalone, and prescribed medications and "aggressive physical therapy." On November 13, Dr. Ellefsen released Deckard from his care. His concluding diagnosis was that her chronic tendonitis reflected soft tissue injuries from the bimalleolar fracture, and that she had sustained a 20% permanent partial disability "based on her pain and her persistent swelling and total loss of range of motion of 15 degrees." Regarding employment, Dr. Ellefsen opined:

> We do feel that she requires a sedentary type employment. She would not tolerate any standing greater than 15 minutes at a time for a total of an hour during an 8 hour work day. No repetitive stairs, climbing of ladders or balancing and her job to be primarily sedentary. [She] is able to sit up to 8 to 10 hours a day for work.

On December 31, Dr. Kenneth Knabb completed a Residual Physical Functional Capacity Assessment based upon Dr. Ellefsen's November 13 treatment notes. Dr. Knabb stated that he had considered Deckard's complaints of pain and concluded that she "requires sedentary employment."

At the hearing, a vocational expert testified that Deckard's limited work history meant she had no past relevant work. In response to the ALJ's hypothetical question, the vocational expert opined that someone with the limitations noted in Dr. Knabb's

---

[1]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri.

RFC Assessment can perform sedentary unskilled jobs such as an assembler. Based upon the hearing testimony and medical evidence, the ALJ found that Deckard's ankle injury is a severe impairment but not a listed impairment, and that her complaints of disabling pain were "unsupported by the totality of the medical and other evidence of record and . . . not fully credible." The ALJ adopted the vocational expert's opinion that Deckard can do sedentary unskilled jobs, giving greater weight to Dr. Ellefsen's November 13, 1996, treatment notes than to a questionnaire prepared by Deckard's counsel and signed by Dr. Ellefsen in July 1997, which stated in conclusory fashion that Deckard has greater work limitations than Dr. Ellefsen had previously noted. Thus, the ALJ found that Deckard is not disabled.

On appeal, Deckard argues that she qualifies as disabled because her ankle injury meets the definition of listed impairments 1.03 and 1.13. We disagree. The medical record does not support Deckard's claim of a listed impairment because she does not suffer from "marked limitation of motion" and did not require "a series of staged surgical procedures." See 20 C.F.R. § 416.920(c) and (d); 20 C.F.R. § 404, Subpart P, Appendix 1, §§ 1.03, 1.13; Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995) (claimant must meet all the criteria in a listing).

Alternatively, Deckard argues that substantial evidence in the record as a whole does not support the ALJ's finding she is not disabled. If we limit our review to Dr. Ellefsen's treating notes through November 13, 1996, and Dr. Knabb's December RFC Assessment, we have no difficulty concluding that substantial evidence supports the ALJ's findings that Deckard's ankle injury had healed to the point she could perform unskilled sedentary work and therefore is not disabled. However, there is one troublesome aspect of the administrative record that requires a closer look.

In January 1997, Deckard returned to Dr. Ellefsen complaining of increased pain in her left ankle. At this time, Dr. Ellefsen altered his view of her condition, noting evidence of nerve damage and diagnosing posterior tibialis tendonitis and tarsal tunnel

syndrome. Dr. Ellefsen administered another Sensorcaine/Dalalone injection and prescribed two medications. He saw Deckard again on January 24, 1997, noted no improvement from the injection, and recommended decompression surgery. The ALJ's opinion makes no mention of this revised diagnosis. It is possible that Deckard was not disabled on May 18, 1996, her alleged onset date, nor on November 13, when Dr. Ellefsen recorded the treatment notes on which the ALJ primarily relied, but became disabled due to her worsening condition in January 1997. This would require the award of some benefits, because a disability application "remain[s] in effect until the decision is issued, and benefits may be paid from the first month that the claimant met all the requirements for entitlement." Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 620 (6th Cir. 1987); see 20 C.F.R. §§ 404.620(a)(1), 416.330(a). Thus, Dr. Ellefsen's January 1997 treatment notes raise the question whether we should remand because the ALJ failed to consider material medical evidence in the record.

At oral argument, counsel for the Commissioner conceded that an ALJ's failure to consider material medical evidence is error but argued that Dr. Ellefsen's new diagnosis in January 1997 was not material to the ALJ's finding that Deckard is not disabled. Upon careful review of the record, we agree. On May 19, 1997, Dr. Ellefsen completed a "Medical Source Statement - Physical" that covered the period "5/18/96 to present." After stating he had not seen Ms. Deckard since January 25, 1997, Dr. Ellefsen listed her various work limitations -- frequently lift no more than five pounds; occasionally lift no more than ten pounds; stand or walk, with usual breaks, no more than three hours in an eight-hour workday and no more than fifteen minutes continuously; sit, with usual breaks, no more than five hours in an eight-hour workday and no more than one hour continuously; and so forth. These limitations were based upon Dr. Ellefsen's January 1997 diagnosis, as well as his earlier diagnosis and treatment. They are substantively no different than the limitations stated in Dr. Knabb's RFC Assessment that formed the basis for the ALJ's hypothetical question to the vocational expert. In other words, Dr. Ellefsen's May 1997 Medical Source Statement demonstrates that his January 1997 diagnosis of Deckard's ankle condition

did not change his opinion that she can perform sedentary work. Thus, the ALJ's failure to expressly consider Dr. Ellefsen's January 1997 treatment notes was not material to the ultimate disability finding.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.