# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3996

_____

Charles C. Hoover,                          *
                                            *
        Appellant,                *
                                            *   Appeal from the United States
    v.                                  *   District Court for the
                                            *   District of North Dakota.
JoAnne B. Barnhart, Commissioner of         *
Social Security Administration,             *          [UNPUBLISHED]
                                            *
        Appellee.                 *

_____

Submitted:  June 6, 2002
Filed: June 10, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

      Charles C. Hoover appeals the District Court's[1] order affirming the denial of disability insurance benefits (DIB).  After a careful review of the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

In his February 1996 application and later documents, Hoover alleged disability since April 1992 from, inter alia, back pain and depression; his insured status expired in September 1995. Hoover had previously applied for DIB and supplemental security income (SSI) in 1990 and in 1993, alleging earlier onset dates; he appealed only the initial denial of the 1990 applications. As to the instant DIB application, after a December 1996 hearing an administrative law judge (ALJ) issued a February 1997 adverse decision, from which Hoover appealed, and in May 1998 Hoover reapplied for SSI. While the 1998 SSI application was pending, in March 1999 the District Court remanded the instant DIB matter to the Commissioner. Finding Hoover's 1993 DIB application reopened to the extent Hoover alleged an April 1992 onset date, the Court directed reconsideration of a consulting physician's May 1993 opinion as to Hoover's residual functional capacity that had been offered for the 1993 application. Following a March 2000 hearing, where both the instant DIB and the May 1998 SSI applications were at issue, another ALJ granted the 1998 SSI application based on a medical expert's (ME's) testimony that Hoover's lumbar spine impairment was of listing-level severity at least as of July 1998. However, in a separate decision, the ALJ denied DIB because during the period at issue--from April 1992 to September 1995--Hoover had the residual functional capacity to perform work identified by a vocational expert in response to a hypothetical the ALJ posed.

Hoover first argues that the ALJ improperly deviated from the District Court's March 1999 remand order by not also reopening his prior SSI application, and by not considering Dr. Kenneth Covey's 1997 opinion that he was disabled from his combined conditions, and Dr. Frank Jones's 1997 diagnosis of recurrent major depression. We disagree. We will defer to the District Court's own interpretation of its remand order, see Steahr v. Apfel, 151 F.3d 1124, 1126 (8th Cir. 1998); the conditions for reopening a prior SSI application were not met here, see 20 C.F.R. §§ 416.1487-416.1489 (2001); cf. King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996) (explaining de facto reopening); the conclusory opinion of Dr. Covey was not entitled

to deference, <u>see</u> <u>Metz v. Shalala</u>, 49 F.3d 374, 377 (8th Cir. 1995); and Dr. Jones's evaluation indicates that Hoover's depression was not disabling even in 1997. We also reject Hoover's alternative argument that he did not have to reopen his SSI application because he orally inquired about SSI when he applied for DIB in 1996. <u>See</u> 20 C.F.R. § 416.345 (2001) (in order for date of oral inquiry to constitute date of SSI application, formal SSI application must be filed within sixty days after date of notice Social Security Administration sends following oral inquiries).

Hoover also generally contends that the ALJ's decision as to DIB is not supported by substantial evidence, suggesting that the medical evidence established a disabling back impairment before his date last insured. Although 1998 diagnostic tests revealed a degenerative calcified disc that required surgery, <u>see</u> <u>Pyland v. Apfel</u>, 149 F.3d 873, 877 (8th Cir. 1998) (holding that evidence of disability after date last insured can be relevant in helping to elucidate medical condition during relevant time), the evaluations done before or near the period at issue reflected only minor changes. To the extent Hoover is challenging the ALJ's credibility findings, we will not disturb those findings because, in expressly discrediting Hoover, the ALJ cited numerous good reasons. <u>See</u> <u>Haggard v. Apfel</u>, 175 F.3d 591, 594 (8th Cir. 1999).

As to Hoover's remaining arguments, a consultative psychological examination was not required, as there was sufficient evidence in the record to determine whether his alleged mental impairments were disabling during the period at issue, <u>see</u> 20 C.F.R. § 416.917 (2001); no treating mental health professional opined that he had a disabling mental impairment (much less a listing-level impairment) before his date last insured; and Dr. Jones's 1997 statements do not constitute a retrospective medical diagnosis, <u>see</u> <u>Grebenick v. Chater</u>, 121 F.3d 1193, 1198-99 (8th Cir. 1997) (discussing retrospective medical diagnosis).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.