# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1650

———————

Mary Starr,                                          *
                                                     *
              Appellant,                             *
                                                     *
       v.                                            *   Appeal from the United States
                                                     *   District Court for the District
Jo Anne B. Barnhart, Commissioner                    *   of South Dakota.
of Social Security,                                  *
                                                     *            [UNPUBLISHED]
              Appellee.                              *

———————

Submitted: November 7, 2003

Filed: November 10, 2003

———————

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Mary Starr appeals the district court's[1] order affirming the denial of disability insurance benefits. Having carefully reviewed the record, we affirm. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review is narrow, and Commissioner's findings will be affirmed if supported by substantial evidence on

———————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

record as whole; if it is possible to draw two inconsistent positions from evidence and one position represents Commissioner's findings, reviewing court must affirm).

Mrs. Starr alleged disability since September 1998 from epicondylitis and depression. After a hearing, an administrative law judge (ALJ) determined that Mrs. Starr could perform her past relevant work as a nurse supervisor.

Mrs. Starr argues that the ALJ should have adopted all of the July 1998 physical restrictions of treating physician Steven Goff, who limited Mrs. Starr, as relevant, to working only four hours a day and sixteen hours a week. The ALJ properly rejected Dr. Goff's opinion that Mrs. Starr could not work full time, however, as the record does not reflect a change in Mrs. Starr's elbow after Dr. Goff's colleague reviewed Mrs. Starr's job description and released her to work, Dr. Goff gave no medical reason for restricting Mrs. Starr to part-time work and his examination findings were essentially normal, and Dr. Goff specifically noted he could not explain why Mrs. Starr was still symptomatic. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (treating physician's opinion will be granted controlling weight if it is well supported by medically acceptable diagnostic techniques, and consistent with other substantial evidence in record). Further, contrary to Mrs. Starr's contention on appeal, the May 2000 conclusory statement of treating pain specialist Steven Frost[2] does not reinforce Dr. Goff's opinion. It was rendered almost two years after Dr. Goff issued his restrictions, during which time Mrs. Starr sought no treatment at all for her allegedly disabling elbow pain. See Metz v. Shalala, 49 F.3d 374, 377 (8th Cir. 1995) (treating physician's conclusory opinion is not entitled to greater deference than any other physician's opinion).

---

[2]This statement was submitted to the Appeals Council, but must be considered as part of the record in conducting substantial-evidence review. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995).

Mrs. Starr claims that the ALJ should have adopted the mental residual-functional-capacity findings of psychologist Dewey Ertz, who saw Mrs. Starr only once but worked in the same office as her treating psychiatrist and counselor, Dr. John Fox and Mr. Stuart Morton. We disagree, because inter alia, the diagnoses of Drs. Fox and Ertz do not reflect a disabling mental condition, Dr. Fox's treatment notes primarily reflect an improvement in Mrs. Starr's mood, Mr. Morton's notes indicate Mrs. Starr had situational depression because of workers' compensation proceedings and other matters, and Dr. Ertz did not specify the level of restrictions in the areas he identified or explain his findings. See Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995) (ALJ may reject any medical expert's conclusions if they are inconsistent with record as whole).

Finally, Mrs. Starr challenges the ALJ's credibility findings. However, the ALJ gave multiple valid reasons in her opinion for finding Mrs. Starr's statements not entirely credible. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make).

Accordingly, we affirm.

_____